**E-Filed 10/12/2010**

1

2

3

4

5

6

7

8

9

10

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JEFFREY SCHULKEN, et al.,<br><br>     Plaintiffs,<br>  v.<br><br>WASHINGTON MUTUAL BANK,<br>HENDERSON, NV, et al.,<br><br>     Defendants. | Case No.: 09-CV-02708-LHK<br><br>ORDER GRANTING-IN-PART AND<br>DENYING-IN-PART DEFENDANT<br>CHASE'S MOTION TO DISMISS |

## I.      INTRODUCTION

Jeffrey Schulken and Jenifer Schulken (collectively, "Plaintiffs") bring this putative class action against Washington Mutual Bank ("WaMu") and JPMorgan Chase ("Chase") (collectively, "Defendants"), alleging violations of the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601, *et seq.*, and its implementing statute, Regulation Z, 12 C.F.R. 226.1, *et seq.*; violations of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200, *et seq.*; and breach of contract.  Generally, Plaintiffs allege that Defendants improperly suspended and reduced credit limits on home equity lines of credit ("HELOCs").

Defendant Chase has moved to dismiss Plaintiffs' TILA and Regulation Z claims (Claims I-III) for failure to state a claim.  *See* Dkt. No. 50 (Def. Chase's Mot. to Dismiss Pls.' Second Am. Class Action Compl., "Motion").  The Court took this motion off the hearing calendar, finding it

1

1   appropriate for decision without oral argument. *See* Dkt. No. 57. Based on the papers submitted,

2   the Court hereby GRANTS-IN-PART and DENIES-IN-PART Chase's Motion.

3       II.     **BACKGROUND**

4           **a.  Factual Allegations**

5           Plaintiffs allege that in October, 2005, they obtained a HELOC in the amount of $250,000

6   with Defendants. SAC ¶ 17.  Plaintiffs used this credit to pay down personal debts, such as for

7   family vehicles and home renovations. *Id*.  On March 13, 2009, Plaintiffs received a letter from

8   WaMu "seeking certain financial information within 14 days." SAC ¶ 18.  This letter is attached as

9   Exhibit A to the SAC ("March 13 letter").  The letter requests that Plaintiffs send a completed IRS

10  Form 4505-T and "a copy of a recent paystub." March 13 letter.  Plaintiffs allege that they

11  "complied with the Income Verification Request and submitted financial information over the next

12  several days via facsimile." SAC ¶ 19.  On March 19, 2009, Plaintiffs checked their HELOC

13  account via Defendants' website and found that the account had been suspended. SAC ¶ 20.  On

14  March 20, 2009, Plaintiffs received a letter dated March 18, 2009 stating that their HELOC was

15  being suspended from additional advances and that "the primary reason for this suspension is we

16  are unable to verify that your income is sufficient to satisfy your debt obligations." SAC ¶ 20, Ex.

17  B ("March 18 letter").  Plaintiffs allege that they subsequently contacted customer service and were

18  given confusing and conflicting information about how Defendants had determined the Plaintiffs'

19  income justified the suspension. SAC ¶ 22.  Plaintiffs further allege that they "ultimately sent via

20  facsimile over 75 pages worth of financial documentation to Defendants, including the requested

21  documents other than paystubs because the Schulkens are self-employed." SAC ¶ 22.  Finally,

22  Plaintiffs allege that "at no time" did their income materially change. SAC ¶ 23.  Because of this,

23  and their record of timely payments on the loan, Plaintiffs allege that Defendants could not have

24  formed a reasonable belief that Plaintiffs would not be able to meet the terms of the HELOC.  SAC

25  ¶ 23.

26          **b.  Procedural History**

27          Chase has moved to dismiss Plaintiffs' claims twice previously in this action. *See* Dkt. No.

28  34 (Def. Chase's Mot. to Dismiss Compl., "First Motion"); Dkt. No. 45 (Def. Chase's Mot. to

Case No.: 09-CV-02708-LHK
ORDER GRANTING-IN-PART AND DENYING-IN-PART MOTION TO DISMISS

1    Dismiss Compl., "Second Motion").  In its First Motion, Chase sought dismissal of all of Plaintiffs'

2    claims.  Regarding Plaintiffs' TILA claims, Chase argued that Plaintiffs had not sufficiently

3    alleged that their HELOC was primarily used for personal or household expenses, as required by

4    TILA.   Plaintiffs were twice given leave to amend to address this deficiency, filing a First

5    Amended Complaint (FAC) and Second Amended Complaint (SAC).  *See* Dkt. Nos. 33 and 44.

6    Defendants have not renewed this argument in their most recent Motion.  *See* Motion at 1.

7         Regarding Plaintiffs' breach of contract claim, Chase argued in its First Motion that

8    Plaintiffs' claims failed because the contract provided that Defendants could "suspend additional

9    advances" if they "reasonably believe[d] that [a borrower] will be unable to fulfill [his] payment

10   obligations under this Agreement due to a material adverse change in [his] financial

11   circumstances."  First Motion at 20.  Chase argued that this language required the Schulkens to go

12   beyond the allegation that their financial circumstances had not changed, and to provide evidence

13   that this was true.  Judge Ware (to whom this case was previously assigned) rejected this argument.

14   In sustaining the breach of contract claim, Judge Ware found that "Plaintiffs allege that Defendants

15   breached the agreement by suspending Plaintiffs' HELOC account where there was no material

16   adverse change in financial circumstances."  *See* Dkt. No. 30 (Nov. 19, 2009 Order Granting in

17   Part and Denying in Part Defs.' Mot. to Dismiss, hereinafter "First Order") at 8.

18        In its Second Motion, Chase again sought dismissal of Plaintiffs' breach of contract claim,

19   this time on the ground that Plaintiffs had failed to allege sufficient facts showing that they

20   performed all of their material obligations under the HELOC.  As Judge Ware found:

21        Defendant Chase contends that Plaintiffs fail to allege that they complied
         with the March 13, 2009 letter in which Defendant Chase requested updated
22       financial information.  However, Plaintiffs allege that they 'complied' with
         Defendant Chase's request and 'submitted financial information' to Defendant via
23       facsimile.  Thus, the Court finds that Plaintiffs allege sufficient facts demonstrating
         that they met their obligations under the HELOC to support their claim for breach of
24       contract.

25        March 3, 2010 Order Granting in Part and Denying in Part Def. Chase's
         Mot. to Dismiss (hereinafter "Second Order") (internal citations omitted) at 7.

26        In bringing a third Motion to Dismiss, Chase argues that Plaintiffs fail to state a claim under

27   TILA and Regulation Z on a number of grounds.  As explained below, the Court GRANTS one of

28   Chase's requests, and DENIES the rest.

3

Case No.: 09-CV-02708-LHK
ORDER GRANTING-IN-PART AND DENYING-IN-PART MOTION TO DISMISS

**United States District Court**
For the Northern District of California

III.     **LEGAL STANDARDS**

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted.  To survive a motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl*. *Corp*. *v*. *Twombly*, 550 U.S. 544, 570 (2007).  This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v*. *Iqbal*, 129 S.Ct. 1937, 1949 (2009).  In deciding whether the plaintiff has stated a claim, the Court must assume the plaintiff's allegations are true and draw all reasonable inferences in the plaintiff's favor.  *Usher v*. *City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987).  However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis*. *Sec*. *Litig*., 536 F.3d 1049, 1055 (9th Cir. 2008).

IV.     **DISCUSSION**

    a.   **Count II – Sufficiency of "Triggering Events" Allegations**

TILA and Regulation Z prohibit lenders from changing material terms of a mortgage or HELOC, except under certain circumstances.  One of these exceptions is when the creditor "has reason to believe that the consumer will be unable to comply with the repayment requirements of the account due to a material change in the consumer's financial circumstances." 15 U.S.C. § 1647(c)(2)(C).  Similarly, Regulation Z provides that creditors may only reduce HELOC credit if they have "a reasonable belief" that the consumer will be unable to repay the debt due to a "material change in financial circumstances."  12 C.F.R. 226.5b(f)(3)(vi).  In the "official staff interpretation of Regulation Z," a "material change" is defined as follows:

> Material change in financial circumstances.  Two conditions must be met for § 226.5b(f)(3)(vi)(B) to apply.  First, there must be a 'material change' in the consumer's financial circumstances, such as a significant decrease in the consumer's income.  Second, as a result of this change, the creditor must have a reasonable belief that the consumer will be unable to fulfill the payment obligations of the plan.  A creditor may, but does not have to, rely on specific evidence (such as the failure to pay other debts) in concluding that the second part of the test has been met.  A creditor may prohibit further advances or reduce the credit limit under this section if a consumer files for or is placed in bankruptcy.

Case No.: 09-CV-02708-LHK
ORDER GRANTING-IN-PART AND DENYING-IN-PART MOTION TO DISMISS

12 C.F.R. § 226 Supp. I, ¶ 5b(f)(3)(vi), Note 7.

Plaintiffs have alleged that Defendants suspended their HELOC account sometime between March 13 and March 19, 2009, and that Defendants sent Plaintiffs a letter stating that the suspension was made due to Plaintiffs' "failure to submit all the paperwork specified in the letter of March 13, 2009." SAC ¶ 4. The Plaintiffs attach the March 18, 2009 letter as Exhibit B to their complaint. The letter states that "[t]he primary reason for this suspension is we are unable to verify that your income is sufficient to satisfy your debt obligations." SAC Ex. B at 1. Plaintiffs' first claim alleges that this initial suspension of their HELOC account was in violation of TILA. Plaintiffs claim that Defendants' inability to verify Plaintiffs' income was insufficient to meet the "material change" requirements of TILA and Regulation Z.

Chase argues that Plaintiffs have failed to allege a "supposedly improper 'triggering' event used to suspend their loan and otherwise allege no supporting facts," and that their first claim must therefore fail. Motion at 6. Contrary to Chase's argument, however, Plaintiffs have alleged that Defendants suspended their HELOC due to their inability to verify Plaintiffs' income, but that this is not one of the exceptions under TILA and Regulation Z. Plaintiffs allege that their finances suffered no material adverse changes, and the comments to Regulation Z state that Defendants must have a reasonable belief that a material change in income would impair Plaintiffs' ability to make payments before making a material change to the HELOC. Thus, Plaintiffs have sufficiently alleged that Defendants used an improper event (inability to verify Plaintiffs' income) as a trigger to suspend Plaintiffs' account. Accordingly, Chase's request to dismiss Count I of the SAC is DENIED.

**b.   Count I – Material Breach**

Next, Chase argues that Plaintiffs themselves materially breached the HELOC agreement by failing to provide the financial information requested by Defendants in their March 13 letter. Chase argues that TILA authorizes creditors to modify HELOC agreements in case of any material breach, and therefore that Defendants were authorized to suspend Plaintiffs' account. Thus, argues Chase, Plaintiffs cannot state a claim for violation of TILA.

Case No.: 09-CV-02708-LHK
ORDER GRANTING-IN-PART AND DENYING-IN-PART MOTION TO DISMISS

United States District Court
For the Northern District of California

1    Chase claims that Plaintiffs were in material breach of the HELOC for their failure to

2  provide IRS Form 4506-T and paystubs, because these specific documents were requested in the

3  March 13 letter.  SAC Ex. A.  Chase points to provisions of the HELOC agreement[1] stating that

4  borrowers might be required to provide "a current financial statement, a new credit application or

5  both, at any time upon our request" and that failure to do so would constitute a material breach of

6  the HELOC agreement.  *See* Collado Decl. ISO Motion, Ex. 1 (HELOC Agreement) at 5.  Finally,

7  Chase notes that TILA authorizes creditors to make material changes to HELOCs when "the

8  consumer is in default with respect to any material obligation," and that Regulation Z notes that the

9  creditor can "specify events that would qualify as a default of a material obligation" under this

10  provision.  *See* 15 U.S.C. § 1647(c)(2)(D); 12 C.F.R. § 226, Supp. I, ¶ 5b(f)(3)(vi) at 8.

11    While Plaintiffs allege that they provided "financial information" in response to the March

12  13 letter, they concede that they did not submit paystubs (noting that they are self-employed) and

13  do not specifically allege that they provided IRS Form 4506-T.  Chase asks the Court to find that

14  Plaintiffs' failure to provide these specific documents materially breached the provision of the

15  HELOC agreement requiring production of "a current financial statement, a new credit application

16  or both."  Chase's argument is essentially a repeat of an argument previously rejected by Judge

17  Ware.  In its Second Motion, Chase asked the Court to dismiss Plaintiffs' Breach of Contract claim

18  for failure to "allege[] facts showing [that Plaintiffs] performed all of their obligations under the

19  HELOC."  Second Order at 7.  Specifically, Chase argued that Plaintiffs had not sufficiently

20  alleged that they complied with the March 13 letter because they did not specify what "financial

21  information" they provided in response.  In rejecting this argument, Judge Ware found Plaintiffs'

22  allegation that they "provided financial information" sufficient to state a breach of contract claim.

23  *Id.*

---

[1] Although the HELOC agreement itself is not attached to the SAC, the Plaintiffs' claims depend on it.  "[D]ocuments whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss."  *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994).  In their opposition papers, Plaintiffs did not challenge the authenticity of the HELOC agreement attached to Chase's Motion.  Accordingly, the Court takes judicial notice of the HELOC agreement.

6

Case No.: 09-CV-02708-LHK
ORDER GRANTING-IN-PART AND DENYING-IN-PART MOTION TO DISMISS

1    Likewise, the Court declines to rule, at the pleading stage, that Plaintiffs' alleged failure to

2    provide IRS Form 4506-T and paystubs constituted a material breach of the HELOC Agreement

3    permitting Defendants to suspend it.  The HELOC Agreement did not specify that a failure to

4    provide IRS Form 4506-T or paystubs would constitute a material breach; it stated that a failure to

5    provide "a current financial statement" would do so.  Plaintiffs have alleged that they provided

6    many pages of financial information in response to the March 13 request. SAC ¶¶ 4, 19, 22.

7    Taking these allegations as true, the Court finds that they are sufficient to support Plaintiffs' claims

8    of TILA and Regulation Z violations by Defendants.  Thus, the Court DENIES Chase's Motion to

9    Dismiss Plaintiffs' Count I.

10           **c.  Counts I and III – Regulation Z Notice Claims**

11           Finally, Chase argues that the March 13 and March 18 letters comply with TILA, and

12   therefore that Plaintiffs have failed to state a claim as to these letters.

13           Regulation Z requires that "[i]f a creditor prohibits additional extensions of credit . . .

14   applicable to a home equity plan pursuant to § 226.5b(f)(3)(i) or § 226.5b(f)(3)(vi), the creditor

15   shall mail or deliver written notice of the action to each consumer who will be affected. The notice

16   must be provided not later than three business days after the action is taken and shall contain

17   specific reasons for the action.  If the creditor requires the consumer to request reinstatement of

18   credit privileges, the notice also shall state that fact." 12 C.F.R. § 226.9(c)(3).  Plaintiffs claim that

19   because these notices did not sufficiently clearly state the "specific reasons" for the suspension of

20   their HELOC, they violate Regulation Z.  SAC ¶ 50.

21           Chase argues that the March 13 letter cannot be subject to Regulation Z, because it is not a

22   notice of suspension of credit.  The Plaintiffs respond that because the March 13 letter began "an

23   account review process" leading to the improper suspension of a HELOC, it is governed by

24   Regulation Z.  Dkt. No. 52 (Pls.' Opp'n) at 11.  However, Plaintiffs do not allege that the March 13

25   letter gave notice of any HELOC suspension.  Rather, Plaintiffs allege that their account was

26   suspended only after receipt of this letter.  SAC ¶ 20.  A review of the letter, attached to the SAC,

27   reveals that it does not provide notice of suspension.  The Court finds that Plaintiffs' allegations are

28   insufficient to state a claim for a violation of Regulation Z based on the March 13 letter, because

7

1   the allegations make clear that the letter is not a notice letter as defined by Regulation Z.

2   Accordingly, the Court GRANTS Chase's motion to dismiss the portion of Plaintiffs' Claim III

3   based on violation of Regulation Z by the March 13 letter.  Plaintiffs are to submit an amended

4   complaint omitting allegations that the March 13 letter itself violated the notice requirements of

5   Regulation Z.

6        Regarding the March 18 letter, Chase admits it is a notice letter governed by Regulation Z,

7   but contends that it meets Regulation Z's requirements, and therefore that Plaintiffs have failed to

8   state a claim on the basis of this letter.  Motion at 9-12.  Defendants argue that because the March

9   18 letter identifies "specific reasons" for suspension of Plaintiffs' HELOC (namely, Defendants'

10   inability to determine Plaintiffs' income), it is Regulation Z-compliant.  Chase cites a case

11   dismissing notice claims when the notices identified a significant decline in the value of property

12   securing the HELOC as the basis for the suspension.  *See*, *e.g.*, *Hickman v. Wells Fargo Bank*, 683

13   F. Supp. 2d 779, 786 (N.D. Ill. 2010).

14        Plaintiffs distinguish the notice in *Hickman* by arguing that a "significant decline" in the

15   value of the underlying property is a recognized basis for suspending credit under TILA and

16   Regulation Z.  *See* 12 C.F.R. § 226.5b(f)(3)(vi).  In contrast, the "specific reason" cited in the

17   March 18 letter—inability to verify Plaintiffs' income—is not an enumerated reason for suspension

18   under Regulation Z.  The Staff Commentary to Regulation Z notes that in order to suspend credit

19   on the basis of a material change in the consumer's financial circumstances, there must be both "a

20   'material change' in the consumer's financial circumstances, such as a significant decrease in the

21   consumer's income" and "as a result of this change, the creditor must have a reasonable belief that

22   the consumer will be unable to fulfill the payment obligations of the plan."  Chase itself notes that

23   this Commentary "should be dispositive" unless "demonstrably irrational."  Motion at 7; *Ford*

24   *Motor Credit Co. v. Milhollin*, 444 U.S. 555, 565 (1980).  Because Plaintiffs have alleged facts

25   showing that the March 18 letter did not state any recognized basis for suspension of their HELOC,

26   including on the basis of a "material change in consumer's financial circumstances," the Court

27   finds that Plaintiffs have sufficiently alleged a violation of the Regulation Z notice requirements in

28   the March 18 letter.  *See Kimball v. Washington Mutual Bank*, No. 09-cv-1261 MMA (AJB), slip

8

op. at 9-10 (S.D. Cal. April 15, 2010) (on a motion to dismiss, sustaining a deficient notice claim based on letter's failure to specify that the decline in property value was "significant," as required by Regulation Z).  Thus, Chase's motion to dismiss the allegations of Claim III regarding the March 18 letter is DENIED.

**V.      CONCLUSION**

Accordingly, Chase's Motion to Dismiss Plaintiffs' allegation that the March 13 letter violates TILA and Regulation Z is hereby GRANTED; Chase's Motion is otherwise DENIED. Plaintiffs shall submit a revised complaint within 15 calendar days of the date this Order is filed. **IT IS SO ORDERED.**

Dated: October 12, 2010

LUCY H. KOH
United States District Judge

9

Case No.: 09-CV-02708-LHK
ORDER GRANTING-IN-PART AND DENYING-IN-PART MOTION TO DISMISS