1   Sean Reis (SBN 184044)
    Edelson McGuire, LLP
2   30021 Tomas Street, Suite 300
    Rancho Santa Margarita, CA 92688
3   949-459-2124 (phone)
    949-459-2123 (fax)
4   sreis@edelson.com
5
    *Attorney for Plaintiffs,*
6   JEFFREY AND JENIFER SCHULKEN
7   [Additional counsel on signature page]
8
9   **IN THE UNITED STATES DISTRICT COURT**
    **FOR THE NORTHERN DISTRICT OF CALIFORNIA**
10  **SAN JOSE DIVISION**

11  JEFFREY SCHULKEN AND JENIFER        )
    SCHULKEN, individually and on        )   Case No. C 5:09-cv-2708-LHK
12  behalf of a class of similarly situated )
    individuals,                          )   **DECLARATION OF ATTORNEY**
13                                        )   **STEVEN WOODROW IN SUPPORT OF**
                                          )   **PLAINTIFFS' MOTION FOR CLASS**
14              Plaintiffs,               )   **CERTIFICATION**
                                          )
15  v.                                    )
                                          )   Judge Lucy Koh
16  WASHINGTON MUTUAL BANK and            )
    JPMORGAN CHASE BANK, N.A.             )   Hearing Date: July 21, 2011
17                                        )   Hearing Time: 1:30 p.m.
                                          )   Courtroom: 4, 5th Floor
18              Defendants.               )

19
        I, Steven L. Woodrow, hereby declare:
20
        1.      I am an attorney with the law firm of Edelson McGuire, LLC, counsel for the
21
    Plaintiffs, Jeffrey and Jenifer Schulken, in the above-captioned matter.
22
        2.      I am licensed to practice law in the State of Illinois and the State of Colorado.  I
23
    have sought admission *pro hac vice* in the Northern District of California in this case and am one
24
    of the attorneys whose appointment as Class Counsel is sought.
25
        3.      I make this declaration in support of Plaintiffs' Motion and Memorandum of Law
26
    in Support of Class Certification.  This declaration is based upon my personal knowledge and I
27
    could testify regarding the substance of this declaration if called upon to do so.
28

*The Schulkens*

1

2      4.      My legal research has indicated that the Schulkens were the first Chase customers

3  in the nation to file a putative class action lawsuit challenging JPMorgan Chase Bank N.A's

4  4506-T Income Verification Program. Chase blocked the Schulkens' HELOC in March 2009

5  claiming first that Chase was unable to verify the Schulkens' financial circumstances and, second,

6  that the couple's financial circumstances had suffered an adverse material change.

7      5.      During the course of the lawsuit, the Schulkens have answered all written

8  discovery propounded by Chase. Furthermore, Chase's lawyers deposed each of the Plaintiffs for

9  several hours, including numerous questions about their WaMu HELOC, their personal finances,

10  their daycare business, and the lawsuit. The Schulkens have further produced over one thousand

11  pages of financial records and are in the process of producing thousands of receipts they

12  diligently kept dating back several years.

13      6.      Furthermore, over the course of the past two years, my office and the Schulkens

14  have kept in close communication with each other, with the Schulkens reviewing and assisting

15  with pleadings, interrogatory responses, and other discovery. The Schulkens have also kept

16  themselves informed of the lawsuit by maintaining a Pacer subscription and regularly checking

17  the Pacer docket. The Schulkens have devoted significant time and energy to this case and, in our

18  office's opinion, have served admirably as Plaintiffs, demonstrating both an interest as well as an

19  understanding of the case.

20      7.      As an investigation into the merits of the Schulkens' claims would ultimately

21  show, the Schulkens' financial circumstances did not materially change in any adverse sense from

22  the time they first obtained their WaMu HELOC in 2005. At the time of their account suspension

23  in 2009, Chase calculated the Schulkens' monthly income as $5,780 per month (derived from

24  their 2008 business income plus Schedule C depreciation, as calculated by Mr. Goodspeed, the

25  underwriter reviewing the Schulkens' account). A review of that same information from the

26  Schulkens' tax records available at the time of account origination shows that Jenifer's income

27  was $19,589 (taken from their 2004 U.S. Individual Tax Return, Form 1040, Line 12 Business

28  income (or loss)), that Jeff's income was $53,382 (taken from their 2004 U.S. Individual Tax

Declaration of Attorney S. Woodrow in Support Of Motion for Class Certification
Case No. C09-cv-2708-LHK

1   Return, Form 1040, Line 7 Wages, salaries, tips, etc.), and that Schedule C depreciation was

2   $1,492 – equaling an annual income of $74,463, or $6,205 per month. As such, the Schulkens'

3   2009 monthly income evinced only a $425 difference.

4         8.     Using the $6,205 figure, the Schulkens' DTI only increased 2.2% ($2,906.57 in

5   monthly expenses in 2004 / monthly income of $6,205 = 46.8% in 2004 compared to 49% in

6   2008). Additionally, according to Chase's records, the Schulkens credit scores increased slightly

7   from account origination and the couple maintained hundreds of thousands of dollars of equity in

8   their home. (*See* Schulken HRLM Screen Print Out, Chase_00201-02, Ex Z.) Despite repeated

9   requests by the Schulkens, Chase refused to reinstate their HELOC.

10   **Edelson McGuire's Significant HELOC and Class Action Experience**

11         9.     Edelson McGuire, LLC is well-suited to represent the proposed classes and

12   subclasses. We regularly engage in major complex litigation on behalf of consumers and have

13   extensive general experience in consumer class action lawsuits that large and complex like the

14   present case. (*See* "Firm Resume of Edelson McGuire, LLC," a true and accurate copy of which

15   is attached hereto as Ex. W.)

16         10.    As explained in the attached Firm Resume, the lawyers of our firm have been

17   appointed as class counsel in several complex consumer class actions. *See, e.g., Satterfield v.*

18   *Simon & Schuster,* No. 06-cv-2893 CW (N.D. Cal.) (Co-lead counsel in class action settlement);

19   *Lozano v. Twentieth Century Fox,* No. 09-CV-06344 (N.D. Ill.) (Lead counsel in consumer class

20   action providing $16 million in benefits to class under TCPA); *Weinstein et. al. v. Airit2me, Inc.,*

21   No. 06-cv-0454 (N.D. Ill.) (Co-lead counsel in class action that settled for $7 million); *Paluzzi v.*

22   *Cellco Partnership, No. 07 CH 37213,* (Cook County, Ill.) (Lead counsel in class action involving

23   27 related cases that settled for $36 million relating to unauthorized charges for mobile content);

24   *McFerren v. AT&T Mobility, LLC,* No. 08-cv-151322 (Fulton County, Sup. Ct., GA) (lead

25   counsel in class action involving 16 related cases with "no cap" settlement).

26         11.    Our firm's lawyers are also the leading attorneys in the nation with respect to

27   when financial institutions like Chase may suspend or reduce HELOCs under TILA, Regulation Z

28   and the banks' HELOC contracts. Jay Edelson was appointed interim co-lead class counsel in the

1   Chase HELOC multidistrict litigation focusing on Chase's PVD strategy and use of AVMs, *see In*

2   *re JPMorgan Chase Bank, N.A. Home Equity Line of Credit Litigation*, Master Docket Case No.

3   10-cv-3647, MDL 2167 (N.D. Ill), and Edelson McGuire was appointed interim co-lead counsel

4   in the litigation challenging Citibank's HELOC suspension practices. *In re Citibank HELOC*

5   *Reduction Litigation*, Case No. C 09-0350-MMC (N.D. Cal.) (Dkt. 96).

6        12.     Additionally, our team has prosecuted similar claims against other industry actors,

7   including Wells Fargo Bank, N.A., (*See e.g. Hickman v. Wells Fargo Bank N.A.*, 683 F. Supp. 2d

8   779 (N.D. Ill. 2010)), National City Bank (*Raeth v. National City Bank*, 09-cv-2812 JPM (W.D.

9   Tenn.)) and GMAC Mortgage (*Sutcliffe v. GMAC Mortgage*, C10-0138JL. (N.D. Cal.))

10       13.     Our lawyers also took the lead in responding to the Federal Reserve Board of

11  Governor's request for public comment on proposed changes to Regulation Z's HELOC

12  suspension rules. (*See* Resp. to Fed. Res. Bd. of Gov. Proposed Rule Changes to Regulation Z, a

13  true and accurate copy of which is attached hereto as Ex. X.)

14  ***Additional Potential Class Representatives***

15       14.     Since the filing of this matter, our office has spoken with dozens of potential class

16  and subclass members. In addition to the Schulkens, we have been retained by both an

17  Incomplete Responder as well as a Non-Responder who Chase processed through its 4506-T

18  Program. Both of these individuals appear to have had HELOC contracts similar in substance to

19  the Schulken's HELOC contract and neither of them used their HELOCs for any business

20  purpose. Both are also current Chase HELOC customers, despite the fact that their respective

21  HELOCs remain suspended at present. Also, both of these customers' HELOCs are secured by

22  their homes in California. These HELOC customers have expressed a willingness to serve as the

23  named class representatives in the event this Court finds the Schulkens unable to adequately

24  represent any of the classes or subclasses or otherwise determines that additional representatives

25  are necessary for the prudent prosecution of this matter.

26  ***Exhibits***

27       15.     Attached as Group Exhibit A is a true and accurate copy of portions of HELOC

28  contracts produced by Chase as bates Chase_02568, 02574, 02578, 02584, 02587, 02592, 02421,

02424, 02434, 02436, 02409, 02412, 02427, 02432, 02463, 02470, 03432, 03437, 02368, 02369, 02370, 02371, 02513 - 02519, 02474 - 02480.

16.     Attached as Exhibit B are true and accurate copies of excerpts from the Deposition of Mr. Charles Pursh, Chase's 30(b)(6) deposition witness.

17.     Attached as Exhibit C are true and accurate copies of excerpts from the Deposition of Robert Resh, the manager directly below Mr. Pursh in charge of the 4506-T Program.

18.     Attached as Exhibit D is a true and accurate copy of relevant pages from the March 2011 Line Management Summary that Chase produced as bates Chase_04734-36.

19.     Attached as Exhibit E is a true and accurate copy of relevant pages from the February 2011 Executive Summary that Chase produced as bates Chase_04876, 04879, 04899, and 04900.

20     Attached as Exhibit F is a true and accurate copy of the November 2008 Integration Update, produced by Chase as bates Chase_04288.

21.     Attached as Exhibit G is a true and accurate copy of the "December 12, 2008 Change in Financial Condition 4506-T Block Program Credit Line Review" document produced by Chase as bates Chase_02118-40.

22.     Attached as Exhibit H is a true and accurate copy of Chase's HELOC Income Verification Line Management Action policy documents dated March 29, 2010 and October 5, 2010, produced by Chase as bates Chase_00343-46.

23.     Attached as Exhibit I is a true and accurate copy of the Income Verification Letter that Chase first sent to the Schulkens, produced by Chase as bates Chase_00152-53.

24.     Attached as Exhibit J is a true and accurate copy of Chase's Home Equity High Risk Line Management - 4506-T Process Summary that Chase produced as bates Chase_00351-53.

25.     Attached as Exhibit K is a true and accurate copy the report of Plaintiffs' expert witness, Mr. Richard George.

26.     Attached as Exhibit L is a true and accurate copy of relevant pages from the March 2009 Line Management Summary that Chase produced as bates Chase_04565.

1       27.    Attached as Exhibit M is a true and accurate copy of relevant pages from the

2   January 2011 Line Management Report that Chase produced as bates Chase_02090_A – 2091_A.

3       28.    Attached as Exhibit N is a true and accurate copy of Chase's Answers and

4   Objections to Plaintiffs' Third Set of Interrogatories.

5       29.    Attached as Group Exhibit O are true and accurate copies of a the Letter

6   Agreement of May 9, 2011 entered into by the Parties, through their respective counsel, regarding

7   sampling, numerosity, and other issues relevant to Plaintiffs' Motion to Compel. Included in the

8   Group Exhibit are true and accurate copies of the May 27, 2011 and May 28, 2011 emails from

9   attorney Michael Salemi, one of Chase's lawyers in this case, regarding Chase's stipulation of

10  numerosity for defined classes of HELOC customers.

11      30.    Attached as Exhibit P is a true and accurate copy of relevant pages from the April

12  2009 Line Management Summary that Chase produced as bates Chase_00670.

13      31.    Attached as Exhibit Q are true and accurate copies of excerpts from the Deposition

14  of Jeff Schulken.

15      32.    Attached as Exhibit R are true and accurate copies of excerpts from the Deposition

16  of Jenifer Schulken.

17      33.    Attached as Exhibit S is a true and accurate copy of the Schulkens' Answers and

18  Objections to Chase's First Set of Interrogatories.

19      34.    Attached as Exhibit T is a true and accurate copy of the March 18, 2009

20  Incomplete Responder Letter that Chase sent to the Schulkens produced by Chase as bates

21  Chase_00156-57.

22      35.    Attached as Exhibit U is a true and accurate copy of the March 27, 2009

23  Suspension Letter that Chase sent to the Schulkens produced by Chase as bates Chase_00158-59.

24      36.    Attached as Exhibit V is a true and accurate copy of the Schulkens' WaMu

25  Comment Summary, produced by Chase as bates Chase_00111-00124.

26      37.    Attached as Exhibit W is a true and accurate copy of the Firm Resume of Edelson

27  McGuire, LLC.

28

1       38.    Attached as Exhibit X is a true and accurate copy of Edelson McGuire, LLC's

2   Response to Federal Reserve Board of Governors Proposed Rule Changes to Regulation Z.

3       39.    Attached as Exhibit Y is a true and accurate copy of the September 2009 Credit

4   Offer that Chase sent to the Schulkens.

5       40.    Attached as Exhibit Z is a true and accurate copy of the HRLM Screen print out

6   for the Schulkens' HELOC account, produced by Chase as bates Chase_00201-02.

7       41.    Attached as Exhibit AA is a true and accurate copy of a TILA disclosure provided

8   to the Schulkens when they originated their HELOC with WaMu, produced by Chase as bates

9   Chase_00045.

10       Further affiant sayeth not.

11       Executed this 1st day of June 2011 in Denver, Colorado.

12

13                         /s/ Steven L. Woodrow
                          Steven L. Woodrow

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## CERTIFICATE OF SERVICE

2

3          I hereby certify that on June 2, 2011, I electronically filed the foregoing *Declaration of*

4   *Attorney Steven Woodrow in Support of Plaintiffs' Motion for Class Certification* with the Clerk

5   of the Court using the CM/ECF system. Notice of this filing is sent to the following counsel of

6   record by operation of the Court's electronic filing system:

7   Gorge G. Weickhardt (SBN 58586)
    Wendy C. Krog (SBN 257010)
8   ROPERS, MAJESKI, KOHN & BENTLEY
    201 Spear Street, Suite 1000
9   San Francisco, CA 94105-1667
    Telephone: (415) 543-4800
10  Facsimile: (415) 972-6301
    gweickhardt@rmkb.com
11  wkrog@rmkb.com

12  LeAnn Pedersen Pope
    Victoria R. Collado
13  Michael G. Salemi
    Danielle Jean Szukala
14  BURKE, WARREN, MACKAY & SERRITELLA, P.C.
    330 North Wabash, 22nd Floor
15  Chicago, IL 60611
    Telephone: (312) 840-7000
16  Fax: (312) 840-7900
    lpope@burkelaw.com
17  vcollado@burkelaw.com
    msalemi@burkelaw.com
18  dszukala@burkelaw.com

19

20                                          /s/ Sean P. Reis
                                            Sean P. Reis
21

22

23

24

25

26

27

28

Declaration of Attorney S. Woodrow in Support Of Motion for Class Certification
Case No. C09-cv-2708-LHK