**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| JEFFREY SCHULKEN, et al., <br><br>  Plaintiffs, <br> v. <br><br> WASHINGTON MUTUAL BANK, HENDERSON, NV, et al., <br><br>  Defendants. | Case No.: 09-CV-02708-LHK <br><br> ORDER GRANTING-IN-PART AND DENYING-IN-PART DEFENDANT CHASE'S MOTION TO STRIKE AND TO DISMISS |

Jeffrey Schulken and Jenifer Schulken (collectively, "Plaintiffs") bring this putative class action against Washington Mutual Bank ("WaMu") and JPMorgan Chase ("Chase") (collectively, "Defendants"), alleging violations of the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601, et seq., and its implementing statute, Regulation Z, 12 C.F.R. 226.1, et seq.; violations of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200, et seq.; and breach of contract. Generally, Plaintiffs allege that Defendants improperly suspended and reduced credit limits on home equity lines of credit ("HELOCs").

Defendant Chase has moved to strike the Fourth Amended Complaint ("4AC") for exceeding the Court's leave to amend; to dismiss this case for lack of standing; to dismiss Plaintiffs' TILA and breach of contract claims for failure to state a claim; to dismiss Plaintiffs' claims for equitable relief resulting from breach of contract; and to dismiss Plaintiffs' claims for punitive damages resulting from violations of TILA, breach of contract, and unfair competition

1
Case No.: 09-CV-02708-LHK
ORDER GRANTING-IN-PART AND DENYING-IN-PART MOTION TO DISMISS

laws. *See* ECF. No. 142 (Def. Chase's Mot. to Dismiss Pls.' Fourth Am. Class Action Compl., "Def.'s Mot. Dismiss"). This Court finds this matter suitable for decision without oral argument. *See* Civ. L. R. 7-1(b). Based on the papers submitted, the Court hereby GRANTS-IN-PART and DENIES-IN-PART Defendants' Motion.

**I.    BACKGROUND**

**A. Factual Allegations**

Although Plaintiffs' factual allegations have largely been discussed in the Court's prior rulings in this case, a brief summary of the allegations is provided below. Plaintiffs allege that in October 2005, they obtained a HELOC in the amount of $250,000 with WaMu (4AC ¶ 16). In September 2008, Chase acquired through sale WaMu's HELOC portfolio, including Plaintiffs HELOC (4AC ¶ 6). Plaintiffs used this credit to pay down personal debts, such as for family vehicles and home renovations. 4AC ¶ 15. On March 17, 2009, Plaintiffs received an Income Verification Letter dated March 13, 2009 from Chase requesting that they "complete and return, via fax for mail within 14 days, a paystub along with a signed 4506-T Form." 4AC ¶ 19. This letter is attached as Exhibit A to the 4AC ("March 13 letter"). Plaintiffs allege that they complied with the Income Verification Request and submitted a signed 4506-T Form "along with a notation indicating that they were self-employed." 4AC ¶ 20.

On March 19, 2009, Plaintiffs checked their HELOC account via Defendants' website and found that the account had been suspended. 4AC ¶ 21. On March 20, 2009, Plaintiffs received a letter dated March 18, 2009 stating that their HELOC was being suspended from additional advances and that the primary reason for this suspension was that Chase was "unable to verify" their financial condition because Chase had not received all of the requested financial documentation, namely, the 4506-T Form and paystubs. 4AC ¶ 21, Ex. B ("March 18 letter"). As a result of this suspension, Plaintiffs allege that they incurred financial charges to their credit card. 4AC ¶ 23. Plaintiffs allege that they subsequently contacted customer service and "ultimately sent via facsimile over 65 pages worth of financial documentation to Defendants, including the requested documents other than paystubs because the Schulkens are self-employed. 4AC ¶ 24.

2

1    On March 31, 2009, the Plaintiffs received a letter from Chase, dated March 27, 2009,
2 stating that Chase had reviewed Plaintiffs' financial information and that the HELOC would
3 remain suspended because Chase determined that Plaintiffs had "insufficient income to satisfy
4 [their] debt obligations."  4AC ¶ 25, Ex. C ("March 27 letter").  Upon receiving the March 19
5 letter, Plaintiffs contacted Chase and explained that the couple's income had "hardly changed"
6 since the account origination.  4AC ¶ 26.  During these conversations, Plaintiffs allege that "Chase
7 informed the Schulkens that their income at origination, as identified in their file from WaMu, was
8 $11,200 per month, and that this differed materially from their current income.  4AC ¶ 27.
9 Plaintiffs allege that they explained to Chase that this $11,200 figure was "inaccurate," and that
10 they had never "provided such an inflated income figure to WaMu, and that if the Schulkens' file
11 indicated such an income, then WaMu had intentionally misrepresented their income."  4AC ¶ 28.
12   Plaintiffs allege that at no time did their income materially change.  4AC ¶ 30.  Because of
13 this, and their record of timely payments on the loan, Plaintiffs allege that Defendants could not
14 have formed a reasonable belief that Plaintiffs would not be able to meet the terms of the HELOC.
15 4AC ¶ 31.

16    **B. Procedural History**

17   Defendants have moved to dismiss Plaintiffs' claims three times previously in this action.
18 *See* ECF No. 34 (Def. Chase's Mot. to Dismiss Compl., "First Motion"); ECF No. 45 (Def.
19 Chase's Mot. to Dismiss Compl., "Second Motion"); ECF No. 50 (Def. Chase's Mot. to Dismiss
20 Compl., "Third Motion").

21   In its First Motion, Defendants sought dismissal of all of Plaintiffs' claims.  Regarding
22 Plaintiffs' TILA claims, Chase argued that Plaintiffs had not sufficiently alleged that their HELOC
23 was primarily used for personal or household expenses, as required by TILA.   Plaintiffs were
24 twice given leave to amend to address this deficiency, filing a First Amended Complaint (FAC)
25 and Second Amended Complaint (SAC).  *See* ECF Nos. 33 and 44.  Regarding Plaintiffs' breach of
26 contract claim, Chase argued in its First Motion that Plaintiffs' claims failed because the contract
27 provided that Defendants could "suspend additional advances" if they "reasonably believe[d] that
28 [a borrower] will be unable to fulfill [his] payment obligations under this Agreement due to a

3
Case No.: 09-CV-02708-LHK
ORDER GRANTING-IN-PART AND DENYING-IN-PART MOTION TO DISMISS

1    material adverse change in [his] financial circumstances." First Motion at 20. Defendants argued

2    that this language required the Schulkens to go beyond the allegation that their financial

3    circumstances had not changed, and to provide evidence that this was true. Judge Ware (to whom

4    this case was previously assigned) rejected this argument. In sustaining the breach of contract

5    claim, Judge Ware found that "Plaintiffs allege that Defendants breached the agreement by

6    suspending Plaintiffs' HELOC account where there was no material adverse change in financial

7    circumstances." *See* Order Granting in Part and Denying in Part Defs.' Mot. to Dismiss,

8    (hereinafter "First Order") at 8, Nov. 19, 2009, ECF No. 30.

9         In its Second Motion, Defendants again sought dismissal of Plaintiffs' breach of contract

10   claim, this time on the ground that Plaintiffs had failed to allege sufficient facts showing that they

11   performed all of their material obligations under the HELOC. Judge Ware found that "Plaintiffs

12   allege sufficient facts demonstrating that they met their obligations under the HELOC to support

13   their claim for breach of contract." Order Granting in Part and Denying in Part Def. Chase's Mot.

14   to Dismiss (hereinafter "Second Order") at 7, March 3, 2010 ECF No. 43.

15        In its third Motion to Dismiss, Defendants argued that Plaintiffs failed to state a claim under

16   TILA and Regulation Z on a number of grounds. First, Defendants argued that Plaintiffs failed to

17   allege a "supposedly improper 'triggering' event used to suspend their loan and otherwise allege no

18   supporting facts." Third Motion at 6. Second, Defendants argued that Plaintiffs themselves

19   materially breached the HELOC agreement by failing to provide the financial information

20   requested by Defendants in their March 13 letter. Finally, Defendants argued that the March 13

21   and March 18 letters sent by Chase to Plaintiffs were either not subject to or are in compliance with

22   TILA, and that Plaintiffs therefore failed to state a claim as to these letters. The Court denied

23   Chase's motions with respect to the improper triggering theory (finding that, in alleging no

24   material change in financial circumstances, Plaintiffs had sufficiently alleged a claim), the

25   supposed material breach by Plaintiffs (declining to rule, at the pleading stage, that Plaintiffs'

26   alleged failure to provide IRS Form 4506-T and paystubs constituted a material breach of the

27   HELOC Agreement permitting Defendants to suspend it), and the March 18 letter (finding that it

28   was sufficiently alleged to be a suspension letter subject to Regulation Z requirements).

4

Case No.: 09-CV-02708-LHK
ORDER GRANTING-IN-PART AND DENYING-IN-PART MOTION TO DISMISS

However, the Court agreed with Defendants that the March 13 letter was not subject to Regulation Z notice requirements because it was not a notice of suspension of credit. Plaintiffs did not allege that the March 13 letter gave notice of any HELOC suspension. Rather, Plaintiffs alleged that their account was suspended only after receipt of this letter. Second Amended Compl. ("SAC") ¶ 20. A review of the letter, attached to the SAC, revealed that it did not provide notice of suspension. The Court therefore found that Plaintiffs' allegations were insufficient to state a claim for a violation of Regulation Z. Order Granting in part and Denying in part Motion to Dismiss at 8, October 12, 2010, ECF No. 59.

Plaintiffs moved to amend and file a Fourth Amended Complaint on June 9, 2011. *See* ECF No. 90. At that time, the Proposed Fourth Amended Complaint added significant factual detail to the allegations in the Third Amended Complaint. *See* Order Granting Leave to Amend at 2, July 20, 2011, ECF No. 129. In addition, the Proposed Fourth Amended Complaint added several claims and amends the original class to define two classes, each with one subclass. The Court granted, in part, Plaintiffs' motion to amend and file a fourth amended complaint, although the Court determined that the Plaintiffs could not seek injunctive relief for the TILA claims as a matter of law. The Court directed the Plaintiffs to remove any claims to a right to injunctive relief based on violations of TILA or Regulation Z. *Id.* at 12. Because the briefing on the pending motions for class certification were largely focused on irrelevant issues in light of the Court's order, the pending class certification motion was denied without prejudice. *Id.* Plaintiffs filed the current 4AC on July 26, 2011. *See* ECF No. 131. Defendants now move to strike the 4AC, as well as to dismiss for lack of standing and a failure to state claims for certain types of relief.

## II.  LEGAL STANDARDS

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). In deciding whether the plaintiff has

5

Case No.: 09-CV-02708-LHK
ORDER GRANTING-IN-PART AND DENYING-IN-PART MOTION TO DISMISS

stated a claim, the Court must assume the plaintiff's allegations are true and draw all reasonable inferences in the plaintiff's favor. *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

**III.   DISCUSSION**

      **A.  Motion to Strike**

Defendants first move to strike Plaintiffs' 4AC pursuant to Federal Rule of Civil Procedure 12(f). *See* ECF No. 129. In the Court's July 20, 2011 Order, the Plaintiffs were granted leave to amend their complaint as specified in their Proposed 4AC. The Court also ordered Plaintiffs to remove any claims to a right to injunctive relief based on violations of TILA or Regulation Z. Order at 12, ECF No. 129. Defendants now argue that the 4AC exceeds the leave granted by the July 20 Order, and requests that this Court strike Plaintiffs' 4AC pursuant to Federal Rule of Civil Procedure 12(f).

Federal Rule of Civil Procedure 12(f) allows the Court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." A matter is "immaterial" when it "has no essential or important relationship to the claim for relief or the defenses being pleaded, while '[i]mpertinent' matter consists of statements that do not pertain, and are not necessary, to the issues in question." *Fantasy, Inc. v. Fogerty,* 984 F.2d 1524, 1527 (9th Cir.1993), *rev'd on other grounds by Fogerty v. Fantasy, Inc.,* 510 U.S. 517, 114 S.Ct. 1023, 127 L.Ed.2d 455 (1994). On a motion to strike, the court must view the pleading under attack in the light most favorable to the pleader. *See Equine Legal Solutions, Inc. v. Buntrock*, C 07-04976 CRB, 2008 WL 111237, at *2 (N.D. Cal. Jan. 9, 2008); *State of Cal. v. United States,* 512 F.Supp. 36, 39 (N.D. Cal. 1981). "Motions to strike are generally regarded with disfavor because of the limited importance of pleading in federal practice, and because they are often used as a delaying tactic." *Greenwich Ins. Co. v. Rodgers*, 729 F. Supp. 2d 1158, 1162 (C.D. Cal. 2010) (quoting *Cal. Dep't of Toxic Substances Control v. Alco Pac., Inc.,* 217 F. Supp. 2d 1028, 1033 (C.D.Cal.2002)). Thus, "courts often require 'a showing of prejudice by the moving party' before granting the requested

6
Case No.: 09-CV-02708-LHK
ORDER GRANTING-IN-PART AND DENYING-IN-PART MOTION TO DISMISS

1   relief," and "[u]ltimately, whether to grant a motion to strike lies within the sound discretion of the

2   district court." *Alco Pac.*, 217 F. Supp. 2d at 1033 (citing *Fantasy,* 984 F.2d at 1528).

3   Defendants argue that the 4AC contains three alterations to the proposed 4AC that go

4   beyond the scope of the permissible amendments articulated in the July 20 Order.  Defendants

5   argue that first, Plaintiffs allege "new claims for actual damages in Counts I, II, IV, and V;"

6   second, Plaintiffs assert "two new allegations regarding class certification;" and third, Plaintiffs

7   state a "new consolidated claim for declaratory relief under 28 U.S.C. § 2201."  Def.'s Mot.

8   Dismiss at 6, August 10, 2011.  The Court finds, however, that none of these exceeds the bounds of

9   the Court's July 20, 2011 Order allowing Plaintiffs to file a fourth amended complaint.

10   Plaintiffs' "new claims for actual damages" and declaratory relief are not, in fact, new.

11   While Plaintiffs' request for "actual damages" have been newly inserted into Counts I, II, and IV of

12   the 4AC, actual damages were already included in the Proposed 4AC, and were also alleged in

13   prior complaints.  Moreover, Plaintiffs' claim for declaratory relief under Count VII is not new.

14   Plaintiffs sought declaratory relief in the proposed 4AC.  The declaratory relief claims were

15   removed from the TILA claims and placed under a separate count to be pled in the alternative.

16   Indeed, the Court recognized that the Plaintiffs sought claims for actual damages and declaratory

17   relief in allowing the proposed amendment in the July 20 Order.  *See* Order at 3, 5-6, July 20, 2011,

18   ECF No. 129.  Finally, the changes made to the class allegations appear to have been made in an

19   attempt to comply with the Court's order that Plaintiffs were not permitted to seek injunctive relief

20   for violations of TILA and Regulation Z.[1]

21   Even assuming Plaintiffs made additional requests for relief in the 4AC, Defendants have

22   not persuaded the Court that these relatively minor changes warrant granting a motion to strike

23   pursuant to Rule 12(f).  Viewing the pleading in the light most favorable to the pleader, there is no

24   evidence that 4AC contains "redundant, immaterial, impertinent, or scandalous matter."  *See* FED.

25   R. CIV. P. 12(f); *see also Equine Legal Solutions, Inc.*, C 07-04976 CRB, 2008 WL 111237, at *2.

---

[1] Defendant also objects to the addition of paragraph 59 in the 4AC.  This paragraph, however, appears to state that the Court is allowed to certify a class action as to discrete issues.  Thus, this allegation adds nothing beyond making legal argument and is not a sufficient ground on which to grant a motion to strike.

7

Case No.: 09-CV-02708-LHK
ORDER GRANTING-IN-PART AND DENYING-IN-PART MOTION TO DISMISS

This Court expressly granted Plaintiffs leave to amend their complaint as specified in the Proposed 4AC, and directed Plaintiffs to remove any claims to a right to injunctive relief based on violations of TILA or Regulation Z. *See* Order at 12, July 20, 2011, ECF No. 129. The Court finds that Plaintiffs have not gone beyond the bounds of this Court's Order. Defendant's motion to strike pursuant to Rule 12(f) is therefore DENIED.

### B. Plaintiffs' Ability to Seek Injunctive/Declaratory Relief For HELOC Reinstatement

Defendants also argue that Plaintiffs lack standing to bring claims for declaratory or injunctive relief because they no longer have a HELOC with Chase. First, it appears that Defendants have conflated standing and mootness doctrines in arguing that Plaintiffs may not seek declaratory or injunctive relief. Article III standing is a threshold inquiry that "is examined at 'the commencement of the litigation.'" *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). It is undisputed that the Schulkens had a Chase HELOC at the time of the filing of the complaint. Def. Mot. To Dismiss at 4. Thus, the threshold requirement of Article III standing is met.[2]

Mootness, on the other hand, may arise at any stage of litigation. *Steffel v. Thompson,* 415 U.S. 452, 459, n. 10 (1974). An actual case or controversy must remain "extant at all stages of review, not merely at the time the complaint is filed." *United States v. Juvenile Male*, 131 S. Ct. 2860, 2864 (2011) (citing *Arizonans for Official English v. Arizona,* 520 U.S. 43, 67 (1997)). The burden of demonstrating mootness is a heavy one. *Feldman v. Bomar*, 518 F.3d 637, 642 (9th Cir. 2008). A case is moot when "(1) there is no reasonable expectation that the alleged violation will recur, and (2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation." *County of L.A. v. Davis*, 440 U.S. 625, 631 (1979).

The availability of a "partial remedy" is "sufficient to prevent [a] case from being moot." *Church of Scientology of Cal. v. United States,* 506 U.S. 9, 13 (1992). Where Plaintiffs have made a claim for damages arising from a defendant's alleged violation of the law, regardless of the status

---

[2] Defendants' reliance on *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2559-60 (2011) and *Ellis v. Costco*, __ F.3d __, 2011 WL 4336668 (9th Cir. Sept. 16, 2011), address standing in class actions and do not address the similar but distinct issue of mootness. Therefore, they are distinguishable and do not require the Court to find that Plaintiffs' claims for injunctive relief must be dismissed.

8

Case No.: 09-CV-02708-LHK
ORDER GRANTING-IN-PART AND DENYING-IN-PART MOTION TO DISMISS

of their claims for injunctive relief, courts have declined to dismiss a case on mootness grounds. *See e.g.*, *City of Richmond v. J.A. Croson Co.*, 488 U.S. 469, 478 (1989) ("The expiration of the ordinance has not rendered the controversy between the city and appellee moot.  There remains a live controversy between the parties over whether Richmond's refusal to award appellee a contract pursuant to the ordinance was unlawful and thus entitles appellee to damages.") (emphasis added); *Memphis Light, Gas & Water Div. v. Craft,* 436 U.S. 1, 8-9 (1978) (without expressing an opinion as to the validity of the respondents' claim for damages, finding that respondents' claim for actual and punitive damages arising from power company's terminations of service save the cause from the bar of mootness).  Because Plaintiffs seek statutory and/or actual damages, as well as attorneys' fees, under virtually all claims, the entirety of the case or controversy is not moot.  *See, e.g.*, 4AC, ¶¶ 68, 79, 98, 110, 122.

There currently exists some question as to whether issues like the one raised by Defendants are better addressed in the context of a mootness inquiry or under a Rule 23 adequacy analysis. *See Bates v. UPS*, 511 F.3d 974, 986 (9th Cir. 2007) (noting there is tension in prior cases with respect to standing, mootness, and adequacy analyses in class certification cases); Charles Alan Wright, et al., Federal Practice and Procedure § 3533.9.1, at 524 (describing commentary that suggests that Article III standing analysis should be applied at the outset of the suit and Rule 23 should control thereafter in class certification cases in which plaintiffs' claims become mooted during the pendency of the litigation).  Indeed, the Ninth Circuit has recently ruled that a named plaintiff's claim, and therefore the class claims as a whole, are not moot even when the named plaintiff's claims are resolved prior to class certification.  *Pitts v. Terrible Herbst, Inc.*, __ F.3d __, 2011 WL 3449473 (9th Cir. Aug. 9, 2011); *see also Degregorio v. O'Bannon*, 86 F.R.D. 109, 116 (E.D. Penn. 1980) ("it is hard to summon up cogent reasons for concluding that a case vigorously litigated by able counsel should be derailed at a late stage because, with the benefit of hindsight, the original named plaintiff is held to have lost a cognizable personal claim prior to the entry of the order certifying the plaintiff class.").

In light of the fact that the parties have fully briefed this issue in both Defendants' motion to dismiss and in conjunction with Plaintiffs' pending class certification motion, the Court defers

9
Case No.: 09-CV-02708-LHK
ORDER GRANTING-IN-PART AND DENYING-IN-PART MOTION TO DISMISS

1    ruling on this issue at this time.  The parties shall come prepared for oral argument on October 13,

2    2011 prepared to discuss both whether Plaintiffs' injunctive relief claims are moot and whether

3    Plaintiffs are adequate class representatives under Rule 23.

### C. Plaintiffs' Ability to Bring A Class Action For Breach of Contract Claims

Defendants raise an additional challenge to Plaintiffs' ability to bring TILA and breach of contract claims on behalf of a class of plaintiffs.  Defendant argues that Plaintffs lack standing to bring claims on behalf of a putative class based upon contracts that are materially different than the contract signed by the Schulkens.  Defendant again appears to conflate two separate concepts: in this case, the concept of Article III standing, which, if it is lacking is grounds for dismissal under Federal Rule of Civil Procedure 12(b)(1), and the ability to bring a breach of contract claim on behalf of a putative class.  As explained above, Plaintiffs have met the threshold Article III standing requirement and dismissal upon this ground is not warranted.

Defendant cites to only one case for the proposition that someone who is not a party to a specific contract does not have standing to enforce the contract.  *See* Def.'s Mot. To Dismiss at 13 (citing *Jones v. Aetna Cas. & Sur. Co.*, 26 Cal. App. 4th 1717, 1722 (Cal. Ct. App. 1994).  If this rule on contract standing applied to bar Plaintiffs from bringing breach of contract claims on behalf of other putative class members, breach of contract claims would not be amenable to class treatment under California law.

Defendant's argument that it is improper for Plaintiffs to represent putative class members' breach of contract claims because all class members did not sign the same contract is an argument more properly presented in the class certification context.  Alleged differences between the Plaintiffs' contract and other putative class members' contracts relate to whether the Plaintiffs are adequate class representatives and whether commonality or typicality are shown.  The Court will not address issues on a motion to dismiss that are more properly presented in the class certification briefing.  Therefore, Defendant's motion to dismiss contract claims based on lack of standing is DENIED.

### D. Dismissal of Breach of Contract and TILA Claims Based on Plaintiffs' Stated Income Theory

10

Case No.: 09-CV-02708-LHK
ORDER GRANTING-IN-PART AND DENYING-IN-PART MOTION TO DISMISS

Defendants seek to dismiss Plaintiffs' breach of contract and TILA claims based on Plaintiffs' stated income theory as described in the 4AC. As this Court has already explained, ECF No. 59 at 4, TILA and Regulation Z prohibit lenders from changing material terms of a mortgage or HELOC, except under certain circumstances. One of these exceptions is when the creditor "has reason to believe that the consumer will be unable to comply with the repayment requirements of the account due to a material change in the consumer's financial circumstances." 15 U.S.C. § 1647(c)(2)(C). Regulation Z provides that creditors may only reduce HELOC credit if they have "a reasonable belief" that the consumer will be unable to repay the debt due to a "material change in financial circumstances." 12 C.F.R. 226.5b(f)(3)(vi). In the "official staff interpretation of Regulation Z," a "material change" is defined as:

> Material change in financial circumstances. Two conditions must be met for § 226.5b(f)(3)(vi)(B) to apply. First, there must be a 'material change' in the consumer's financial circumstances, such as a significant decrease in the consumer's income. Second, as a result of this change, the creditor must have a reasonable belief that the consumer will be unable to fulfill the payment obligations of the plan. A creditor may, but does not have to, rely on specific evidence (such as the failure to pay other debts) in concluding that the second part of the test has been met. A creditor may prohibit further advances or reduce the credit limit under this section if a consumer files for or is placed in bankruptcy.

12 C.F.R. § 226 Supp. I, ¶ 5b(f)(3)(vi), Note 7.

In previous iterations of the Complaint, Plaintiffs alleged that Defendants suspended their HELOC account sometime between March 13 and March 19, 2009, and that Defendants sent Plaintiffs a letter dated March 18, 2009 stating that the suspension resulted from Defendant's inability to verify Plaintiffs' financial condition. Second Amended Complaint ("SAC") ¶ 4; *see also* 4AC ¶ 21. Plaintiffs claim that Defendants' inability to verify Plaintiffs' income was insufficient to meet the "material change" requirements of TILA and Regulation Z, and that Plaintiffs' financial circumstances did not in fact suffer any material change that would justify Defendant's suspension. The Court has already upheld this theory as sufficiently stating a claim under TILA. ECF 59 at 5.

11
Case No.: 09-CV-02708-LHK
ORDER GRANTING-IN-PART AND DENYING-IN-PART MOTION TO DISMISS

1    Plaintiff's 4AC adds additional detail to Plaintiffs' theory.  Plaintiffs allege that Defendants
2    inferred a material change in Plaintiffs' financial circumstances by comparing "stated income" of
3    $11,200 monthly, as identified from their loan origination documentation from WaMu, with new
4    information obtained through the 4506-T Program's income verification process.  4AC ¶¶ 27-29.
5    Plaintiffs allege that the $11,200 monthly income figure was false, and that WaMu intentionally
6    misrepresented their income in the origination documents.  *Id*.  Furthermore, Plaintiffs allege Chase
7    must have known that their stated origination income was false because the "gross underwriting
8    irregularities" committed by WaMu were "well known" in the banking industry and by Chase.
9    4AC ¶ 29.  Thus, Plaintiffs claim that, not only was there no material change in Plaintiffs' financial
10   circumstances to warrant suspension, but Defendants had "no reasonable factual basis to conclude
11   that the Schulkens had 'insufficient income to satisfy [their] debt obligations.'"  4AC ¶ 31.

12   Defendants specifically move to dismiss Plaintiffs' claims to the extent that "the Schulkens
13   claim Chase violated TILA and breached the HELOC agreement because Chase examined their
14   verified income when their income at origination was not verified."  Def.'s Mot. To Dismiss 15.
15   Defendants argue that Plaintiffs stated income comparison theory fails because "nothing in TILA,
16   Regulation Z or their HELOC agreement prohibits Chase from evaluating their financial
17   circumstances by looking at their stated income at origination."  *Id*.

18   This Court finds Defendants' argument misleading and irrelevant.  First, Plaintiffs have not
19   changed their basic theory that Defendant unlawfully suspended Plaintiffs' HELOC in the absence
20   of a material change in Plaintiffs' circumstances.  The exception under which a creditor may
21   change the material terms of a mortgage under Regulation Z requires that "[f]irst there must be a
22   material change . . . [s]econd, as a result of this change, the creditor must have a reasonable belief
23   that the consumer will be unable to fulfill the payment obligations of the plan."  12 C.F.R. § 226
24   Supp. I, ¶ 5b(f)(3)(vi), Note 7.  Having alleged no material change in their financial circumstances,
25   Plaintiffs have already sufficiently stated a claim.  The stated income theory merely "flesh[es] out a
26   theory Plaintiffs have stated all along," ECF No. 129 at 8, by attempting to show how Defendant's
27   policies and practices facilitate the suspension of HELOCs, despite the lack of material change in
28   Plaintiffs' financial circumstances.  *See* 4AC ¶¶ 30-31.  Furthermore, Plaintiffs' stated income

comparison theory goes toward establishing that Defendants did not act on "reasonable belief" in suspending Plaintiffs' HELOC account. 4AC ¶ 36.

Plaintiffs' claims for breach of contract are likewise sufficiently alleged. In denying Defendants' motion to dismiss Plaintiffs' breach of contract claim, Judge Ware, to whom this case was previously assigned, held that "Plaintiffs allege that Defendants breached the agreement by suspending Plaintiffs' HELOC account where there was no material adverse change in financial circumstances." Order Granting in Part and Denying in part Def.'s Mot. To Dismiss at 8, November 19, 2009, ECF No. 30. To the extent that Plaintiffs' claims for breach of contract rely on allegations that there were no material changes in their financial circumstances sufficient to justify Defendant's breach of HELOC agreements, mirroring Plaintiffs' TILA and Regulation Z claims, Plaintiffs' ability to sufficiently state a claim is unchanged. Defendants' motion for failure to state TILA and breach of contract claims is therefore DENIED.

### E. Equitable Relief For Breach of Contract Claims

Counts IV and V of the 4AC, which provide breach of contract claims, Plaintiffs seek "equitable remedy of the removal of their suspensions issued under the 4506-T Program, notations to Chase's internal files reflecting that the Class members' accounts had been improperly suspended under the 4506-T Program . . . reinstatement of suspended HELOCs, and an order prohibiting Chase from including the [putative class members'] in any future running of the 4506-T Program as it is currently designed . . ." 4AC ¶¶ 98, 110. Defendants move to dismiss claims for "equitable relief" under the breach of contract claims on the basis that such relief amounts to specific performance. Defendants argue that, not only is specific performance generally unavailable as a remedy for breach of contract claims, but Plaintiffs have not sufficiently shown that remedies available at law are inadequate. Def.'s Mot. Dismiss 18.

"[T]he exclusive jurisdiction of equity to grant relief by way of specific performance of a contract will be exercised only in those cases where the legal remedy of compensatory damages is insufficient under the circumstances of the case, in the opinion of the court, to do complete justice between the parties." *Wilkison v. Wiederkehr*, 101 Cal. App. 4th 822, 830 (2002). In California, specific performance is generally unavailable as a remedy for breach of contract unless a plaintiff

13
Case No.: 09-CV-02708-LHK
ORDER GRANTING-IN-PART AND DENYING-IN-PART MOTION TO DISMISS

1   demonstrates exceptional circumstances, including: "(1) the inadequacy of his legal remedy; (2) an
2   underlying contract that is both reasonable and supported by adequate consideration; (3) the
3   existence of a mutuality of remedies; (4) contractual terms which are sufficiently definite to enable
4   the court to know what it is to enforce; and (5) a substantial similarity of the requested performance
5   to that promised in the contract. *Real Estate Analytics, LLC v. Vallas*, 160 Cal. App. 4th 463, 472
6   (2008).

7   Defendants appear to argue that as a matter of law, the remedy of specific performance is
8   never available for contracts to lend money. *See* Def.'s Mot. to Dismiss at 18. The Court declines,
9   at this stage, to categorically state that specific performance is not available in this situation. *See*
10  John C. Williams, Specific Performance of Agreement to Lend or Borrow Money, 82 A.L.R. 3d
11  1116 (2011) ("Thus, under the exceptional circumstances where an action at law does not provide a
12  proper or complete remedy, courts have granted specific performance of an agreement to lend or
13  borrow money. While it could be argued that specific performance could properly be sought
14  against defaulting borrowers, the reported cases have dealt exclusively with suits by borrowers
15  against defaulting lenders."). Plaintiffs have alleged that damages are inadequate in this case and
16  that specific performance is appropriate. To support their requests for specific performance,
17  Plaintiffs allege that there "exists no adequate remedy at law for the Schulkens' and the Class
18  members' injuries," since the "primary wrong" committed upon them by Chase was and continues
19  to be their bargained-for credit lines. 4AC ¶ 97. Furthermore, monetary damages representing this
20  "lost access" would be "extremely difficult to ascertain. *Id*. Moreover, Plaintiffs argue, "the credit
21  lines of the Class members are unique," and Plaintiffs will continue to be "irreparably harmed" by
22  the ongoing denial of access to their bargained-for lines of credit. *Id*.

23  The Court finds that granting Defendants' motion would be inappropriate on a motion to
24  dismiss in light of the facts alleged in the 4AC. Moreover, the parties appear to have fully briefed
25  the issue of whether Plaintiffs may seek specific performance or injunctive relief in the pending
26  motion for class certification. In light of the fact that this issue more directly implicates the class
27  certification motion, the Court DENIES Defendants' motion here, but notes that the issue may be
28  resolved differently at the class certification stage because the Court looks to a more fully

14
Case No.: 09-CV-02708-LHK
ORDER GRANTING-IN-PART AND DENYING-IN-PART MOTION TO DISMISS

developed record at that time. As with Defendants' other arguments related to standing with respect to Plaintiffs' contract claims, the parties should be prepared to discuss this issue at the hearing on October 13, 2011.

### F. Punitive Damages

Defendants seek to dismiss Plaintiffs' claims for punitive damages for the TILA claims, the claim for violation of the California Unfair Competition Law, and the breach of contract claims. In California, punitive damages are only available against defendants "guilty of oppression, fraud, or malice." Cal. Civ.Code § 3294(a); *see Greenwich Ins. Co. v. Rodgers*, 729 F. Supp. 2d 1158, 1162 (C.D. Cal. 2010). As a matter of law, punitive damages are not available for claims arising out of TILA, breach of contract, and California's Unfair Competition Laws. *See Mays v. U.S. Bank Nat'l Ass'n*, 09-cv-158 AWI SMS, 2010 WL 318537, at *9 (E.D. Cal. Jan. 20, 2010) (striking punitive damages under TILA because "punitive damages are unavailable as a matter of law"); *In re Wal-Mart Stores, Inc. Wage & Hour Litig.*, 505 F. Supp. 2d 609, 620 (N.D. Cal. 2007) (UCL claims do not support an award of punitive damages); *Cates Constr., Inc. v. Talbot Partners*, 21 Cal. 4th 28, 61 (1999) ("In the absence of an independent tort, punitive damages may not be awarded for breach of contract 'even where the defendant's conduct in breaching the contract was willful, fraudulent, or malicious"); *Miller v. Fairchild Indus., Inc.*, 885 F.2d 498, 510-11 (9th Cir. 1989) ("California law does not permit punitive damages for breach of contract.").

In their Opposition, Plaintiffs state that their request for punitive damages is a "simple addendum" to their general request for "such other and further relief as the Court may deem just and proper." Pl.'s Opp. To Def. Mot. To Dismiss at 24. Thus, Plaintiffs do not dispute that punitive relief is unavailable for TILA, UCL, and breach of contract claims in California. Because punitive damages are not available as a matter of law for these claims, an amendment to Plaintiffs' complaint would be futile. Defendant's motion to dismiss as to punitive damages is GRANTED, with prejudice.

### IV.   CONCLUSION

Accordingly, Defendant's Motion to Strike and to Dismiss is DENIED, except as to (1) Plaintiffs' claims for injunctive relief for breach of the HELOC agreements, on which the Court

15
Case No.: 09-CV-02708-LHK
ORDER GRANTING-IN-PART AND DENYING-IN-PART MOTION TO DISMISS

defers ruling until the class certification motion; and (2) as to Plaintiffs' claims for punitive damages under TILA, the UCL, and for breach of contract, which are dismissed with prejudice. The Plaintiff shall file and serve an amended complaint within 3 days of this Order.  The Plaintiff may only strike out references to punitive damages in its complaint.  Any other changes made in the newly amended complaint will be stricken by the Court. The parties shall come to the October 13, 2011 hearing prepared to discuss the pending class certification motion.

**IT IS SO ORDERED.**

Dated: October 11, 2011

_____
LUCY H. KOH
United States District Judge