Sean Reis (SBN 184044)
Edelson McGuire, LLP
30021 Tomas Street, Suite 300
Rancho Santa Margarita, CA 92688
949-459-2124 (phone)
949-459-2123 (fax)
sreis@edelson.com

*Attorneys for Plaintiffs and the Class*

[Additional counsel appear on signature page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JEFFREY SCHULKEN AND JENIFER SCHULKEN, individually and on behalf of a class of similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>WASHINGTON MUTUAL BANK and JPMORGAN CHASE BANK, N.A.<br><br>Defendants. | No. 09-cv-2708-LHK<br><br>**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL TO CLASS ACTION SETTLEMENT**<br><br>Honorable Lucy H. Koh<br><br>**AS MODIFIED** |

WHEREAS, a class action is pending before the Court styled *Schulken v. Washington Mutual Bank and JPMorgan Chase Bank, N.A.*, Case No. 09-cv-2708-LHK (the "Action"); and

WHEREAS, Plaintiffs JEFFREY and JENIFER SCHULKEN and Defendant JPMorgan Chase Bank, N.A., a national banking association with its principal place of business in Ohio, ("Chase" or "Defendant") have entered into a Settlement Agreement dated April 26, 2012 which, together with the Exhibits attached thereto, sets forth the terms and conditions for a proposed settlement and dismissal of the Action with prejudice as to Defendant upon the terms and conditions set forth therein (the "Settlement Agreement"), and the Court having read and considered the Settlement Agreement and Exhibits attached thereto;

This matter coming before the Court upon the agreement of the Parties, good cause being shown, and the Court being fully advised in the premises,

IT IS HEREBY ORDERED, DECREED, AND ADJUDGED AS FOLLOWS:

1. Terms and phrases in this Order shall have the same meaning as ascribed to them in the Settlement Agreement.

2. The Parties have moved the Court for an order approving the settlement of the Action in accordance with the Settlement Agreement, which, together with the documents incorporated therein, sets forth the terms and conditions for a proposed settlement and dismissal of the Action with prejudice, and the Court having read and considered the Settlement Agreement and having heard the parties and being fully advised in the premises, hereby preliminarily approves the Settlement Agreement in its entirety subject to the Fairness Hearing for purposes of deciding whether to grant final approval to the Settlement Agreement.

**Settlement Class and Subclass**

3. The instant Settlement Agreement is entered with regard to the Class and Subclass previously certified by this Court as follows:

> The Inability to Verify Class (the "Class"): All HELOC borrowers nationwide who were parties to the "Schulken HELOC Contract" and whose HELOCs Chase blocked through the 4506-T Program when the customers did not provide either a complete IRS Form 4506-T, paystubs, or both, upon Chase's request.
>
> The TILA Notice Subclass (the "Subclass"): All Inability to Verify Class members with the Schulken HELOC Contract to whom Chase sent a notice of suspension stating that Chase's reason for suspending the HELOC was a purported inability to verify the borrower's financial circumstances.

(Dkt. 184 at 23.) The Court also appointed the undersigned counsel as Class Counsel and Plaintiffs Jeffrey and Jenifer Schulken as representatives of the Class and Subclass. (*Id.*)

4. The Court finds, subject to the Fairness Hearing referred to in Paragraph 19 below, that the Settlement Agreement is fundamentally fair, adequate, and reasonable.

5. The Court further finds that the Parties entered into the Settlement Agreement in good faith, following extensive discovery, adversarial class certification ruling, and arms-length settlement negotiations overseen by the Honorable Wayne Andersen (Ret.) of JAMS.

**Notice and Administration**

6. The Court approves, as to form and content, the Claim Form, substantially in the form of Exhibit 3 to the Settlement Agreement, the written Long Form/Website Class Notice, substantially in the form of Exhibit 5 thereto, and the Mail Notice, substantially in the form of Exhibit 2 thereto, and finds that the mailing and distribution of the Class Notice Registration by U.S. Mail and Internet Publication, as set forth in Section 5 of the Settlement Agreement, constitute valid, due and sufficient notice to all persons entitled thereto, that such notice is the best notice practicable under the circumstances and that it constitutes due and sufficient notice to all persons entitled thereto and complies fully with the requirements of the Federal Rules of Civil Procedure and of Due Process. The Parties, by agreement, may revise the Notices, Claim Form and other exhibits to the Settlement Agreement in ways that are not material, or in ways that are appropriate to update those documents for purposes of accuracy.

7. The Court approves the request for the appointment of Rust Consulting, Inc., as Claims Administrator in accordance with the provisions of Sections 1.6 and 7 of the Settlement Agreement.

8. Pursuant to Section 5.1(a) of the Settlement Agreement, within 30 days of the entry of the Order granting preliminary approval, Defendant is directed to cause Claims Administrator to send U.S. Mail Notice to each class member to the last-known address in Defendant's records.

9. Pursuant to Section 5.1(b) of the Settlement Agreement, within 14 days of the entry of this Order, the Claims Administrator shall launch and maintain a website that will include a copy of the current Complaint, Answer and Settlement Agreement and long form notice and will allow for the filing of claims online.

10. Class Members who wish to receive benefits under the Settlement Agreement must complete and submit the Claim Form via U.S. Mail or on-line in accordance with the instructions

contained therein. All Claim Forms must be postmarked or received by the Claims Administrator within 30 days after the scheduled Fairness Hearing. In the event the Court grants final approval, Subclass Members shall receive their settlement benefit automatically, in accordance with the Settlement Agreement.

11. In the event the Court grants final approval to the Settlement Agreement, Defendant, through the Claims Administrator, shall have 60 days following the Effective Date of the Settlement Agreement to issue settlement payments to all Subclass Members and to pay all approved claims received from Class Members. The Claims Administrator shall mail all checks to the Class and Subclass Members via first-class U.S. Mail.

**Exclusion**

12. Class Members who wish to exclude themselves from the Settlement Class may do so by the Opt-Out/Objection Deadline as set forth in this Order, provided they comply with the exclusion procedures set forth in the Settlement Agreement and Class Notice. A Settlement Class Member who wishes to "opt out" must complete and return a Request for Exclusion to the Claims Administrator. The Request must be signed by the Class Member requesting exclusion. Any Class Member so excluded shall neither be bound by the terms of the Settlement Agreement nor entitled to any of its benefits.

13. Class Members who opt out of the Settlement Agreement will relinquish their rights to benefits under the Settlement Agreement and will not release their claims. However, Class Members who fail to submit a valid and timely Request to Opt Out on or before the date specified herein shall be bound by all terms of the Settlement Agreement and the Final Order and Judgment, regardless of whether they have requested exclusion from the Settlement Agreement. Subclass members who file requests for exclusion exclude themselves from both the Class and Subclass.

14. Any Class Member who submits a timely Request to Opt Out may not file an Objection to the Settlement Agreement and shall be deemed to have waived any rights or benefits under the Settlement Agreement.

15. If the Settlement Opt-Outs equal or exceed 500 Class Members, then Chase, in its sole discretion, may, at any time prior to three (3) business days before Final Approval Hearing, notify Plaintiffs' counsel that it believes the Settlement cannot achieve its purpose. If Defendant elects to terminate the Settlement, it shall not be responsible for paying any of Plaintiffs' attorney's fees and costs. In that event, the Settlement Agreement shall become null and void, the Action may continue, and the Parties shall jointly move that any and all orders entered pursuant to this Settlement Agreement be vacated.

**Objections**

16. Any Class Member who intends to object to the fairness, reasonableness, or adequacy of the Settlement Agreement (hereinafter "Objections") or to a judgment being entered dismissing the Action with prejudice in accordance with the terms of the Settlement Agreement, or to the attorneys' fees and expense reimbursement sought by Class Counsel in the amounts specified in the Notice, or to the award to the Class Representatives as set forth in the Class Notice, must sign and file a written Objection no later than 21 days prior to the Fairness Hearing.

17. Any Objections must be filed with the Court, and copies must be served upon Class Counsel, and Chase's Counsel. Class Members wishing to object must file a Notice of Intent to Appear and Object that includes their own signature and sets forth their full name, current address, and telephone number. Objecting Class Members must provide evidence of their membership in the Class, state in writing all arguments, citations, and evidence supporting their objection, and include a statement as to whether the Objector intends to appear at the Fairness Hearing and whether he or she is represented by separate legal counsel. Counsel for any objector who intends to appear at the Fairness Hearing must file a written appearance no later than the deadline for filing the objection. Class Members who fail to file and serve timely written objections in substantial compliance with the requirements of this paragraph shall be deemed to have waived any Objections and shall be foreclosed from making any Objections (whether by appeal or otherwise) to the Settlement Agreement or to any of the subjects listed in Paragraph 20 below.

18. Persons who fail to timely and properly file an appearance and/or written

objections and/or Notice of Intent to Appear and Object shall be deemed to have waived their right to object and shall be barred from making future objections in this Action or Related Actions.

**Fairness Hearing**

19. The Fairness Hearing shall be held before this Court on _November_, ___, 2012 at 1:30 p.m. in Courtroom 8, 4th Floor of the United States Courthouse at 280 S01st Street, San Jose, California 95113 to determine (a) whether the proposed settlement of the Action on the terms and conditions provided for in the Settlement Agreement is fair, reasonable and adequate and should be given final approval by the Court, (b) whether a judgment and order of dismissal with prejudice should be entered, (c) whether to approve the payment of attorneys' fees and expenses to Class Counsel, and (d) whether to approve the payment of incentive awards to the Class Representatives. The Court may adjourn the Fairness Hearing without further notice to the Class members.

**Further Matters**

20. All further proceedings in the Action are ordered stayed until the Final Judgment and Order of Dismissal with Prejudice or termination of the Settlement Agreement, whichever occurs earlier, except for those matters necessary to obtain and/or effectuate final approval of the Settlement Agreement.

21. To the extent permitted by law, pending final determination as to whether the Settlement contained in the Agreement should be approved, the Class Representative and all Class Members who do not Opt Out of the Settlement, whether directly, representatively, or in any other capacity, whether or not such persons have appeared in this Litigation, shall not institute or prosecute any claims or actions against the Released Parties which fall within the definition of the Released Claims in the Agreement, and any pending actions against the Released Parties, whether in court, arbitration or pending before any state or federal governmental administrative agency, are stayed on an interim basis as to any claims which fall within the definition of the Released Claims, and all such pending actions will be bound by the Final Judgment, absent submission of a valid and timely Request to Opt Out, in which case the individual opting out may pursue his or her

individual claims, but not class or representative claims, that fall within the definition of the Released Claims.

22. Settlement Class Members shall be bound by all determinations and judgments in the Action concerning the Action and/or Settlement Agreement, whether favorable or unfavorable.

23. If the Settlement Agreement is not approved by the Court in complete accordance with its terms, the Agreement is terminated unless each Party had full knowledge of the defect at issue and agree in writing to proceed with the Agreement.  If any Party is in material breach of the Agreement, the opposing Party may opt to terminate the Agreement provided it is substantially in compliance with the Agreement.  If the Agreement is terminated or fails to become effective, each Party will revert to its status as if the Settlement Agreement had not been negotiated, entered into, or filed with the Court.  In such event, the Parties will retain all rights as if the Settlement Agreement was never agreed upon.

24. In the event the Court fails to award attorneys' fees or incentive awards as set forth in Sections 10.1 and 10.3 of the Settlement Agreement, the Agreement shall not be prevented from becoming effective and all remaining provisions shall remain in full force.

25. Whether or not the Agreement ever comes into effect or is terminated, neither this Agreement, nor any act performed or document executed pursuant to or in furtherance thereof:

(i) Is, may be deemed, or shall be used, offered or received against the Released Parties, or each or any of them, as an admission, concession or evidence of, the validity of any Released Claims, the truth of any fact alleged by the Plaintiffs, the deficiency of any defense that has been or could have been asserted in the Litigation, or of any alleged wrongdoing, liability, negligence, or fault of the Released Parties, or any of them;

(ii) Is, may be deemed, or shall be used, offered or received against Chase, as an admission, concession or evidence of, any fault, misrepresentation or omission with respect to any statement or written document approved or made by the Released Parties; Is, may be deemed, or shall be used, offered or received against Plaintiffs or the Class, or each or any of them, as an admission, concession or evidence of, the infirmity or strength of any claims

raised in the Action, the truth or falsity of any fact alleged by Chase, or the availability or lack of availability of meritorious defenses to the claims raised in the Litigation;

    (iii) Is, may be deemed, or shall be used, offered or received against the Released Parties, or each or any of them, as an admission or concession with respect to any liability, negligence, fault or wrongdoing as against any Parties, in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal.  However, if this Agreement is approved by the Court, any Party or any of the Released Parties may file this Agreement and/or the Judgment in any action that may be brought against such Party or Parties in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim;

    (iv) Is, may be deemed, or shall be construed against Plaintiffs and the Class, or each or any of them, or against the Released Parties, or each or any of them, as an admission or concession that the consideration to be given hereunder represents an amount equal to, less than or greater than that amount that could have or would have been recovered after trial; and

    (v) Is, may be deemed, or shall be construed as or received in evidence as an admission or concession against Plaintiffs and the Class, or each and any of them, or against the Released Parties, or each or any of them, that any of Plaintiffs' claims are with or without merit or that damages recoverable in the Action would have exceeded or would have been less than any particular amount.

26. Class counsel shall file papers in support of Final Approval no later than 7 days prior to the Fairness Hearing.  Class counsel is to file papers in support of any petition for reasonable attorneys fees no later than 35 days prior to the Fairness Hearing and post the fee petition on the Settlement Website no fewer than 14 days prior to the deadline for Opting Out or Objecting.

27. The following schedule is set:

| | | |
|---|---|---|
| 1. | Defendant shall cause the Long Form Notice to be published on the Settlement Website: | August 2, 2012 |
| 2. | Defendant shall cause the U.S. Mail Notice to be sent to the Class members: | August 20, 2012 |
| 3. | The deadline for opt-outs / objections "I't gs wguw'\q"cr r gct:""""""" | October 18, 2012 |
| 4. | Class counsel to file papers in support of Final Approval: | October 4, 2012 |
| 5. | Class counsel to file papers in support of any petition for reasonable attorneys' fees: | October 4, 2012 |
| 6. | Deadline for filing reply papers, submitting list of exclusions, submitting affidavits of compliance with CAFA: | October 25, 2012 |
| 7. | Final approval hearing: | November 8, 2012, at 1:30 p.m. |
| 8. | Deadline for filing claims: | December 10, 2012 |

IT IS SO ORDERED, this __25th__ day of _____July_____, 2012.

Entered:

*Lucy H. Koh*
United States District Court Judge

*IT IS SO ORDERED AS MODIFIED*
*Lucy H. Koh*
Judge Lucy H. Koh

[Proposed] Order Granting Preliminary Approval     9     Case No. 09-cv-2708-LHK
to Class Action Settlement Agreement