UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JEFFREY SCHULKEN AND JENNIFER SCHULKEN, individually and on behalf of a class of similarly situated individuals,<br><br>Plaintiffs,<br>v.<br><br>WASHINGTON MUITUAL BANK and JP MORGAN CHASE BANK, N.A,<br><br>Defendants. | Case No.: 5:09-cv-02708-LHK<br><br>ORDER DENYING MOTION TO SEAL |

Before the Court is Plaintiffs' administrative motion to file documents partially under seal "Mot.," ECF No. 215. The documents in question are Plaintiff's response to purported class member Donald R. Earl's objections, ECF No. 216-3, and the Declaration of Steven L. Woodrow in support thereof, ECF No. 216-4. Plaintiff has proposed redactions to both of these documents.

Historically, courts have recognized a "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n. 7 (1978). Unless a particular court record is one "traditionally kept secret," a "strong presumption in favor of access" is the starting point. *Foltz v. State Farm Mutual Auto. Insurance Company*, 331 F.3d 1122, 1135 (9th Cir. 2003). A party seeking to seal a judicial record then bears the burden of overcoming this strong presumption by meeting the "compelling reasons" standard. *Id.* at 1135. That is, the party must "articulate[ ] compelling reasons supported by specific factual findings," *id.* (citing *San Jose Mercury News, Inc. v. U.S. Dist. Ct.*, 187 F.3d 1096, 1102-03 (9th

1   Cir.1999)), that outweigh the general history of access and the public policies favoring disclosure,
2   such as the " 'public interest in understanding the judicial process.'" *Hagestad*, 49 F.3d at 1434
3   (quoting *EEOC v. Erection Co.*, 900 F.2d 168, 170 (9th Cir. 1990)).

4   The Ninth Circuit has explained that the "strong presumption of access to judicial records
5   applies fully to dispositive pleadings, including motions for summary judgment and related
6   attachments" because "the resolution of a dispute on the merits, whether by trial or summary
7   judgment, is at the heart of the interest in ensuring the "public's understanding of the judicial
8   process and of significant public events." *Kamakana v. City and County of Honolulu*, 447 F.3d
9   1172, 1177 (9th Cir. 2006). The Ninth Circuit has also carved out an exception to the strong
10  presumption of openness for pre-trial, non-dispositive motions. The Ninth Circuit applies a "good
11  cause" showing to keep sealed records attached to non-dispositive motions. *Id.* at 1180. Thus the
12  Court applies a two tiered approach: "judicial records attached to dispositive motions [are treated]
13  differently from records attached to non-dispositive motions. Those who seek to maintain the
14  secrecy of documents attached to dispositive motions must meet the high threshold of showing that
15  'compelling reasons' support secrecy" while a showing of good cause will suffice at earlier stages
16  of litigation. *Id*.

17  Plaintiffs have requested to file redacted versions of two documents because they
18  "reference certain information regarding the bank's records of the origination of Mr. Earl's home
19  equity line of Credit," Mot. at ¶ 2, and this is "personal and confidential information of Mr. Earl."
20  Mr. Earl himself has publically disclosed significant information about his home equity line of
21  credit, and does not appear to regard such information as private or confidential. *See* Purported
22  Class Member Donald R. Earl's Objections to the Settlement Offer, ECF No. 213, at 2-4. Based on
23  the Court's review of the documents, no information in these documents meets the compelling
24  reason standard or the lower good cause standard. Accordingly, the motion to seal is DENIED
25  with prejudice.

26  **IT IS SO ORDERED.**

27  Dated: November 2, 2012

_____
LUCY H. KOH
United States District Judge

2

Case No.: 09-CV-02708-LHK
ORDER DENYING MOTION TO SEAL