SEAN REIS (SBN 184044)
EDELSON MCGUIRE, LLP
30021 Tomas Street, Suite 300
Rancho Santa Margarita, CA 92688
949-459-2124 (phone)
949-459-2123 (fax)
sreis@edelson.com

JAY EDELSON (*Pro Hac Vice*)
jedelson@edelson.com
STEVEN L. WOODROW (*Pro Hac Vice*)
swoodrow@edelson.com
EVAN M. MEYERS (*Pro Hac Vice*)
emeyers@edelson.com
EDELSON MCGUIRE, LLC
350 North LaSalle, Suite 1300
Chicago, IL 60654
Telephone: (312) 589-6370
Facsimile: (312) 589-6378

*Attorneys for Plaintiffs and the Class*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| JEFFREY SCHULKEN AND JENIFER SCHULKEN, individually and on behalf of a class of similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>WASHINGTON MUTUAL BANK and JPMORGAN CHASE BANK, N.A.<br><br>Defendants. | No. 09-cv-2708-LHK<br><br>[PROPOSED] ORDER GRANTING FINAL APPROVAL TO CLASS ACTION SETTLEMENT<br><br>Honorable Lucy H. Koh |

**[PROPOSED] FINAL APPROVAL ORDER**

WHEREAS, a putative class action is pending before the Court entitled *Schulken v. Washington Mutual Bank and JPMorgan Chase Bank, N.A.*, Case No. 09-cv-2708-LHK; and

WHEREAS, Plaintiffs and Defendant WASHINGTON MUTUAL BANK and JPMORGAN CHASE BANK, N.A. ("Defendant" or "Chase") have agreed on a Settlement Agreement dated April 26, 2012 which, together with the Exhibits attached thereto, sets forth the terms and conditions for a proposed settlement and dismissal of the Action with prejudice as to Defendant upon the terms and conditions contained therein (the "Settlement Agreement"), and the Court having read and considered the Settlement Agreement and Exhibits attached thereto, and the Court having considered all of the submissions and arguments with respect to the Motion for Final Approval and having held a Fairness Hearing on November 8, 2012;

WHEREAS, on January 5, 2012, the Court issued an Order granting in part and denying in part Plaintiffs' revised Motion for Class Certification and held that Plaintiffs met all the requirements of Rule 23 and certified the "Inability to Verify Class" and the "TILA Notice Subclass" pursuant to Rule 23(c)(1)(B), defined as follows:

> *The Inability to Verify Class*: All HELOC borrowers nationwide who were parties to the "Schulken HELOC Contract" and whose HELOCs Chase blocked through the 4506-T Program when the customers did not provide either a complete IRS Form 4506-T, paystubs, or both, upon Chase's request.
>
> *The TILA Notice Subclass*: All Inability to Verify Class members with the Schulken HELOC Contract to whom Chase sent a notice of suspension stating that Chase's reason for suspending the HELOC was a purported inability to verify the borrower's financial circumstances.

WHEREAS, on July 25, 2012, this Court preliminarily approved the Settlement Agreement with respect to the Inability to Verify Class and TILA Notice Subclass, as certified by the Court.

WHEREAS, Notice to the Class Members has been provided in accordance with the Court's Preliminary Approval Order, and the substance of and dissemination program for the Notice, which included direct U.S. mail notice and the creation of a settlement website, fully complied with the requirements of Fed. R. Civ. P. 23 and Due Process, constituted the best

notice practicable under the circumstances, and provided due and sufficient notice to all persons entitled to notice of the Settlement of this Action;

WHEREAS, the Settlement Agreement was arrived at as a result of arms' length negotiations conducted in good faith by experienced attorneys familiar with the legal and factual issues of this case and with the assistance of a mediator, Judge Wayne Andersen (Ret.), and thus is supported by Plaintiffs and Class Counsel;

WHEREAS, the Settlement as set forth in the Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Class and Subclass in light of the complexity, expense, and duration of litigation and the risks involved in establishing liability and damages and in maintaining the Action through trial and appeal;

WHEREAS, the Settlement consideration provided under the Settlement Agreement constitutes fair value given in exchange for the release of the Released Claims against the Released Parties. The Court finds that the settlement consideration provided to Class Members is reasonable, considering the facts and circumstances of the claims and defenses asserted in the Action, and the potential risks and likelihood of success of alternatively pursuing trials on the merits;

WHEREAS, the persons listed as having filed timely requests for exclusion listed on Addendum A hereto are found to have validly excluded themselves from the Settlement in accordance with the provisions of the Preliminary Approval Order.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:**

1. The Settlement Agreement is finally approved as fair, reasonable, adequate, and in the best interests of the Class. The Parties are directed to consummate the Settlement Agreement in accordance with its terms. The Parties and Class Members who did not timely exclude themselves from the Class and Subclass are bound by the terms and conditions of the Settlement Agreement.

2. The Court adopts and approves the findings in the Court's January 5, 2012 Order granting in part Plaintiffs' Revised Motion for Class Certification.

3. The Court approved the Notice Plan to the Class, as set forth in the Preliminary Approval Order of July 25, 2012, and finds that the Notice Plan has been successfully implemented and satisfies the requirements of Federal Rule of Civil Procedure 23 and Due Process.

4. The Court finds that Defendant properly and timely notified the appropriate state and federal officials of the Settlement Agreement, pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715. The Court has reviewed the substance of Defendant's notices and accompanying materials, and finds that they complied with all applicable requirements of CAFA.

5. The Action is hereby dismissed with prejudice. This dismissal with prejudice shall not allow the Parties or any members of the Class to litigate or otherwise reopen issues resolved by this judgment, or included within the Released Claims. This judgment has been entered without any admission by Defendant of liability or as to the merits of any of the allegations in the Action.

6. The Parties are directed to distribute the $75 cash payment to the Inability to Verify Class Members who have submitted valid claim forms, pursuant to Section 3.2 of the Settlement Agreement.

7. The Parties are directed to distribute the $25 cash payment to the TILA Notice Subclass Members, pursuant to Section 3.3 of the Settlement Agreement.

8. Upon the Effective Date, Plaintiffs, and every Class Member, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged all Released Claims against the Released Parties.

    a. As used in this Order, "Released Claims" means all claims (including "Unknown Claims" as defined below), demands, rights, liabilities or causes of action, in law or in equity, accrued or unaccrued, fixed or contingent, direct, individual or representative, of every nature and description whatsoever, whether based on federal, state, local, statutory or common law or any other law, rule or regulation, against the Released Parties, or any of them, arising from the beginning of time to July 25, 2012, relating to Chase's suspension of HELOCs through

its 4506-T Program and its HELOC account suspensions and reinstatement standards, processes, and policies that were or could have been alleged in the Action, including those belonging to Plaintiffs and the Releasing Parties.

        b.      As used in this Order, the "Releasing Parties" shall mean Plaintiffs and Class Members (except a member of the Class who has obtained proper and timely exclusion from the Settlement pursuant to Section 6.1 of the Settlement Agreement and Paragraph 1 above), and each and all of their present or past heirs, executors, personal representatives, estates, authorized users, guarantors, administrators, predecessors, successors, assigns, parents, subsidiaries, associates, affiliates, employers, employees, agents, consultants, insurers, directors, managing directors, officers, partners, principals, members, accountants, financial and other advisors, investment bankers, underwriters, lenders, and each of their affiliates' present or past heirs, executors, estates, administrators, predecessors, successors, assigns, parents, subsidiaries, associates, affiliates, employers, employees, agents, consultants, insurers, directors, managing directors, officers, partners, principals, members, accountants, financial and other advisors, investment bankers, underwriters, lenders and any other representatives of any of these Persons and entities.

        c.      As used in this Order, the "Released Parties" means Chase and each and all of its past, present and future predecessors, successors, assigns, parents, divisions, subsidiaries, associates, affiliated companies and corporations, and each and all of their respective past, present, and future representatives, employees, managers, agents, consultants, insurers, directors, committees, managing directors, officers, partners, general partners, limited partners, principals, members, insurers, reinsurers, accountants, financial and other advisors, investment bankers, underwriters, shareholders, lenders, auditors, investment advisors, legal representatives, attorneys, successors in interest, assigns and Persons, firms, trusts, trustees, corporations, officers, directors, other individuals or entities in which Chase has a controlling interest or which is related to or affiliated with any of them or any other representatives of any of these Persons and entities, and each and all of their respective executors, successors, assigns and legal representatives.

        9.      The Court awards to Class Counsel $613,000 as reasonable attorneys' fees and

expenses. The Court finds this amount to be reasonable in that it does not require any multiplier against Class Counsel's present lodestar and is significantly less than counsel's current lodestar. Class Counsel provided the Court with a sworn declaration showing that Class Counsel expended 2,465 hours investigating, litigating, and settling this case, which resulted in the $1,049,400.50 present lodestar. To support the lodestar, class counsel identified each attorney who worked on this case and his or her corresponding billable rate. The Court finds the rates charged to be appropriate and reasonable and that the hourly rates are in line with comparable market rates. The Court finds the hours for which compensation are sought to be reasonable when compared with the time and effort put forth by Class Counsel in investigating, litigating, and resolving this case, as well as in light of the results achieved for the Settlement Class. Accordingly, the Court finds that the fee and expenses award of $613,000 is reasonable and supported by the lodestar of $1,049,400.50. The Court additionally finds this amount fair and reasonable based upon a percentage of recovery cross check. The total recovery made available to the Class by this Settlement equals to $2,564,550: $1,871,550 (total maximum payout to the Class and Subclass Members) + $70,000 (approximate cost of Class notice and claims administration) + $613,000 (attorneys' fees and expenses) + $10,000 (incentive award to the Class Representatives) = $2,574,550. The requested fee award represents 23.9% of this amount, which is consistent with the 25% "benchmark" established in this Circuit.

10. Defendant shall pay the Fee Award pursuant to and in the manner provided by the terms of the Settlement Agreement.

11. The Court awards an Incentive Award in the collective amount of $10,000.00 to the Class Representatives Jeffrey and Jenifer Schulken for taking on the risks of litigation and helping achieve the results made available to the Settlement Class. Such payment shall be made pursuant to and in the manner provided by the terms of the Settlement Agreement.

12. The Court approves the National Foundation for Consumer Credit ("NFCC") as the *cy pres* designee and directs the Parties to donate all monies remaining from settlement checks that are not cashed within 90 days of issuance to the NFCC as provided by the terms of the Settlement Agreement.

13. "Unknown Claims" means claims that could have been raised in this Action and that the Plaintiffs or any or all other Persons and entities whose claims are being released, or any of them, do not know or suspect to exist, which, if known by them, might have affected their decision to enter into this Agreement and to release the Released Parties or the Released Claims or might affect their decision to agree, object or not to object to the Settlement. Upon the Effective Date, the Releasing Parties shall be deemed to have, and shall have, expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights and benefits of § 1542 of the California Civil Code, which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

14. Upon the Effective Date, the Releasing Parties also shall be deemed to have, and shall have, expressly waived any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, or the law of any jurisdiction outside of the United States, which is similar, comparable or equivalent to § 1542 of the California Civil Code. The Releasing Parties also acknowledge that they may discover facts in addition to or different from those that they now know or believe to be true with respect to the Released Claims and the dismissal with prejudice contained in the Judgment or the law applicable to such claims may change, but that they expressly accepts and assume the risk of those possible differences and that it is their intention to expressly waive and finally and forever to settle and release the Released Claims, notwithstanding any Unknown Claims they may have, as that term is defined in this Paragraph, and that the releases set forth in this Settlement Agreement remain effective notwithstanding such differences in fact.

15. Whether or not the Effective Date occurs or this Agreement is terminated, neither this Agreement, nor any act performed or document executed pursuant to or in furtherance thereof:

   a. Is, may be deemed, or shall be used, offered or received against the Released Parties, or each or any of them, as an admission, concession or evidence of, the validity

of any Released Claims, the truth of any fact alleged by the Plaintiffs, the deficiency of any defense that has been or could have been asserted in the Litigation, or of any alleged wrongdoing, liability, negligence, or fault of the Released Parties, or any of them;

      b.    Is, may be deemed, or shall be used, offered or received against Chase, as an admission, concession or evidence of, any fault, misrepresentation or omission with respect to any statement or written document approved or made by the Released Parties;

      c.    Is, may be deemed, or shall be used, offered or received against Plaintiffs or the Class, or each or any of them, as an admission, concession or evidence of, the infirmity or strength of any claims raised in the Action, the truth or falsity of any fact alleged by Chase, or the availability or lack of availability of meritorious defenses to the claims raised in the Litigation;

      d.    Is, may be deemed, or shall be used, offered or received against the Released Parties, or each or any of them, as an admission or concession with respect to any liability, negligence, fault or wrongdoing as against any Parties, in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. However, if this Agreement is approved by the Court, any Party or any of the Released Parties may file this Agreement and/or the Judgment in any action that may be brought against such Party or Parties in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim;

      e.    Is, may be deemed, or shall be construed against Plaintiffs and the Class, or each or any of them, or against the Released Parties, or each or any of them, as an admission or concession that the consideration to be given hereunder represents an amount equal to, less than or greater than that amount that could have or would have been recovered after trial; and

      f.    Is, may be deemed, or shall be construed as or received in evidence as an admission or concession against Plaintiffs and the Class, or each and any of them, or against the Released Parties, or each or any of them, that any of Plaintiffs' claims are with or without merit or that damages recoverable in the Action would have exceeded or would have been less than any particular amount.

16. The Court overrules the objections raised by Donald R. Earl, after having considered his objections, related filings, and arguments stated on the record. The Court hereby extends the Opt-Out Deadline for Mr. Earl to December 10, 2012, so that he may exclude himself from the Settlement if he so chooses.

17. The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Agreement, and all Parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing this Agreement.

18. Based upon the Court's finding that there is no just reason for delay of enforcement or appeal of this Order notwithstanding the Court's retention of jurisdiction to oversee implementation and enforcement of the Settlement Agreement, the Court directs the Clerk to enter final judgment pursuant to Federal Rule of Civil Procedure 54(b). The Clerk shall close the file.

IT IS SO ORDERED, this __13__ day of __November__, 2012.

Enter:

*Lucy H. Koh*
United States District Court Judge
Lucy H. Koh

## ADDENDUM A

## TIMELY EXCLUSIONS

| NAME | STATE |
|---|---|
| DEBBIE A WEBSTER | UTAH |
| MARILEE A. SNIDER | CALIFORNIA |
| BRADLEY JOSEPH SOLO | CALIFORNIA |
| JEFFRY K. PROCTOR | CALIFORNIA |
| HERBERT G. HOEFLE | OREGON |
| BEVERLY A. ALLEGRE | FLORIDA |
| MARSHALL ROTHMAN | CALIFORNIA |
| DAN A. BARBAT | NEW YORK |