UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JEFFREY SCHULKEN AND JENIFER SCHULKEN, individually and on behalf of a class of similarly situated individuals,<br><br>    Plaintiffs,<br>  v.<br><br>WASHINGTON MUITUAL BANK and JP MORGAN CHASE BANK, N.A,<br><br>    Defendants. | Case No.: 09-CV-02708-LHK<br><br>ORDER DENYING MOTION TO SET ASIDE JUDGMENT; DENYING MOTION FOR SANCTIONS |

Before the Court is purported class member and objector Donald Earl's motion to set aside the judgment under Federal Rule of Civil Procedure 60(b). Also before the Court is Plaintiffs Jenifer and Jeffrey Schulken's ("Plaintiffs") motion for sanctions against Donald Earl. On December 17, 2012, the Court granted Plaintiffs' motion to shorten time, and took this matter off calendar. ECF No. 236. Having considered the parties' submissions and the relevant law, the Court DENIES Mr. Earl's motion to vacate the judgment and DENIES Plaintiffs' motion for sanctions.

**I.     BACKGROUND**

Plaintiffs filed this class action alleging violation of state and federal law relating to home equity lines of credit ("HELOCs") on June 18, 2009. After several rounds of motions to dismiss, the parties reached an agreement and filed a motion for preliminary approval of a class action

settlement on April 27, 2012. ECF No. 203. The Court granted preliminary approval on July 25, 2010. Mr. Earl filed an objection to the settlement on October 15, 2012. ECF No. 213. After a fairness hearing on November 8, 2012, which Mr. Earl did not attend, the Court overruled Mr. Earl's objections and granted final approval to the settlement on November 13, 2012. ECF No. 223. In the Order granting final approval, the Court also extended the settlement opt-out deadline for Mr. Earl to give him an opportunity to exclude himself from the class and bring his individual claims separately. Mr. Earl, however, did not opt out, but rather filed this motion to vacate the judgment pursuant to Rule 60(b) ("Rule 60(b) Motion"). Plaintiffs opposed Mr. Earl's motion ("Rule 60(b) Opp'n"), ECF No. 229, and filed a motion for sanctions against Mr. Earl ("Sanctions Motion"). ECF No. 230. Mr. Earl filed a reply to the opposition to his motion to vacate ("Rule 60(b) Reply"), ECF No. 232, and an opposition to the motion for sanctions ("Sanctions Opp'n"), ECF No. 233. Finally, Plaintiffs filed a reply to the opposition to the motion for sanctions ("Sanctions Reply"). ECF No. 235.

## II. RULE 60(B) MOTION

### A. Legal Standard

Federal Rule of Civil Procedure 60(b) allows a court to set aside a judgment where one or more of the following is shown: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered before the court's decision; (3) fraud by the adverse party; (4) the judgment is void; (5) the judgment has been satisfied; (6) any other reason justifying relief. Fed.R.Civ.P. 60(b); *School Dist. 1J v. ACandS Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

Mr. Earl has argued specifically that the judgment is void due to lack of personal jurisdiction, and that class counsel has committed fraud. A judgment is void for Rule 60(b)(4) purposes "only if the court that considered it lacked jurisdiction . . . over the parties to be bound." *S.E.C. v. Internet Solutions for Business Inc.,* 509 F. 3d 1161, 1165 (9th Cir. 2007) (citing *United States v. Berke*, 170 F. 3d 882, 883 (9th Cir. 1999)). To set aside a judgment under Rule 60(b)(3) because of fraud, "the moving party must establish that a judgment was obtained by fraud, misrepresentation, or misconduct, and that the conduct complained of prevented the moving party from fully and fairly

2

presenting the case." *In re M/V Peacock on Complaint of Edwards*, 809 F.2d 1403, 1404-05 (9th Cir. 1987).

## B. ANALYSIS

1. <u>Validity of Judgment</u>

Mr. Earl argues that the Court lacks personal jurisdiction over the class members because they did not receive sufficient notice pursuant to Federal Rule of Civil Procedure 23(c)(2)(b).  Rule 60(b) Motion at 4-7.  Rule 23 and due process require that class members receive notice that is "the best practicable," and that this notice be "reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 812 (1985).

As an initial matter, Mr. Earl cannot credibly claim that he did not receive notice sufficient to afford him the opportunity to present his objections, as he did in fact file an objection, which the Court duly considered.  What is more, Mr. Earl already voiced his concerns about the adequacy of notice in his objection to the final settlement, and presents no new facts or argument here.  ECF No. 213.  As this Court noted in its Preliminary Approval Order, ECF No. 210, and in overruling Mr. Earl's objection at the hearing on November 8, 2012, notice to the class was sufficient here.  Specifically, a short-form notice was sent to all class members by U.S. mail, along with a claim form.  Class members were also directed to a website where the full long-form notice was available, and were provided with a telephone hotline number to obtain more information.  There is no legal basis for Mr. Earl's suggestion that the mailing of a short-form notice with information about viewing a long-form notice on the internet is per se constitutionally deficient.  Indeed, settlement websites have become a widely accepted feature of successful class action settlements approved by this and other courts.  *See, e.g.*, *In re Wachovia Corp. Pick-A-Payment Mortg. Mktg. & Sales Practices Litig.*, 5:09:0MD-02015-JF, 2012 WL 5868931 (N.D. Cal. Nov. 19, 2012); *Hartless v. Clorox Co.*, 273 F.R.D. 630, 643 (S.D.Cal. 2011).  Nor is there any legal support for Mr. Earl's argument that a mailed notice must include an opt-out form.  Accordingly, consistent with the Court's previous ruling, the Court finds that the judgment is not void for lack of personal jurisdiction due to insufficient notice.

2. Fraud

Mr. Earl's second contention is that the judgment is void because class counsel committed fraud on the Court. Specifically, he argues that (1) it was fraudulent for class counsel to provide only their own contact information on the notice; and (2) when Mr. Earl contacted class counsel, class counsel attempted to dissuade Mr. Earl from filing objections.

Regarding providing class counsel's contact information, Mr. Earl's assertion is baseless. The notice sent to class members included contact information for the claims administrator and directed class members to the settlement website which contained information on objecting and opting out in addition to providing class counsel's contact information. Thus, there is no credible argument that class counsel was somehow a "gatekeeper" for objections.

Regarding Mr. Earl's communications with class counsel, the Court has reviewed the email exchanges between Mr. Earl and class counsel. *See* Rule 60(b) Opp'n, Exh. A. The substance of the exchange was that class counsel advised Mr. Earl that his claims sounded as though they might be different from those of the other class members, and that he might be better off opting out and pursuing individual relief. *See id.* There is nothing fraudulent about such a suggestion. Indeed, the Court made the same recommendation upon reviewing Mr. Earl's objection, and extended his personal opt-out deadline to allow him to exclude himself from the settlement. Accordingly, the Court finds no merit to Mr. Earl's contention that class counsel committed fraud on the Court.

Because neither of Mr. Earl's two grounds for setting aside the judgment has any merit, the Court DENIES the motion to set aside the judgment pursuant to Rule 60(b).

### III.   MOTION FOR SANCTIONS

### A.   LEGAL STANDARD

"Rule 11 requires the imposition of sanctions when a motion is frivolous, legally unreasonable, or without factual foundation, or is brought for an improper purpose." *Conn v. Borjorquez*, 967 F.2d 1418, 1420 (9th Cir. 1992). "The central purpose of Rule 11 is to deter baseless filings." *U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 254 (9th Cir. 1992) (quoting *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384 (1990)). An "improper purpose" is a purpose to "harass or to cause unnecessary delay or needless increase in the cost of litigation."

Fed. R. Civ. P. 11(b)(1). The test for improper purpose is an objective one. *G.C. and K.B. Invs., Inc. v. Wilson*, 326 F.3d 1096, 1109 (9th Cir. 2003). A Rule 11 motion for sanctions "must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets." Fed. R. Civ. P. 11.

## B. ANALYSIS

Plaintiffs filed their motion for sanctions against Mr. Earl on December 3, 2012. Mr. Earl claims, and Plaintiffs do not dispute, that the motion was served on Mr. Earl the same day it was filed. *See* Sanctions Opp'n at 2. Mr. Earl argues that Plaintiffs' motion must be denied because, in simultaneously serving and filing the motion, Plaintiffs did not comply with the 21-day "safe harbor" provision of Rule 11. The Ninth Circuit has held that "[f]ailure to provide the required notice precludes an award of Rule 11 sanctions." *Winterrowd v. Am. Gen. Annuity Ins. Co.*, 556 F.3d 815, 826 (9th Cir. 2009). Here, there is no dispute that Plaintiffs did not provide the required notice. Accordingly, the Court cannot grant Plaintiffs' Rule 11 motion.[1]

Though the Court cannot grant Rule 11 sanctions due to lack of compliance with the notice requirement, Plaintiffs argue, and the Court agrees, that the Court retains the inherent authority to consider and impose sanctions for filings made in bad faith. *See Fink v. Gomez*, 239 F.3d 989, 993-94 (9th Cir. 2001). The Court has found that Mr. Earl's filings have failed to raise meritorious legal theories, but there is no clear evidence that his pre-judgment objection or his Rule 60(b) motion was motivated by a bad faith desire to delay the proceedings. Moreover, Mr. Earl is a pro

---

[1] Plaintiffs argue that they could not comply with the safe harbor requirement due to a separate timing provision in the Civil Local Rules requiring a motion for sanctions to be filed no later than 14 days following the entry of judgment. *See* Civ. L. R. 7-8(d). Plaintiffs are correct that it would be impossible to both give Mr. Earl 21 days' notice and to file the motion within 14 days of the judgment. Civ. L. R. 7-8(d), however, explicitly states that the Court may order a different deadline. Though Rule 11 also allows the motion to be filed "within another time the court sets," the Rule does not authorize simultaneous service and filing of the motion. A reading of the rule that permits such filing would strip the safe harbor provision of its purpose to permit litigants to cure offending pleadings and avoid sanction. The proper course of action would have been for Plaintiffs to give Mr. Earl notice of their motion for sanctions and then seek the Court's authorization to file the mother either more than 14 days after the judgment, to allow full compliance with Rule 11's safe harbor provision, or sooner than 21 days after giving Mr. Earl notice, to allow full compliance with Civ. L. R. 7-8(d). Either course of action would have given Mr. Earl the opportunity to withdraw his motion, as contemplated by Rule 11.

5
Case No.: 09-CV-02708-LHK
ORDER DENYING MOTION TO SET ASIDE JUDGMENT; DENYING MOTION FOR SANCTIONS

se litigant. Plaintiffs are correct that Rule 11 applies to pro se litigants as well as attorneys; however, courts are generally obliged to construe pro se filings more liberally than those filed by attorneys. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Nonetheless, Mr. Earl may be subject to future sanctions if he continues to file pleadings raising the same theories the Court has already rejected. However, Court does not find that Mr. Earl's filings thus far have necessarily been for an improper purpose. In the absence of clear evidence that Mr. Earl's intentions were in bad faith, the Court will not take the drastic measure of sanctioning him at this time. Accordingly, the Court DENIES Plaintiffs' motion for sanctions without prejudice, and declines to impose sanctions sua sponte under the Court's inherent power at this time.

**IT IS SO ORDERED.**

Dated: January 1, 2013

_____
LUCY H. KOH
United States District Judge