UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JEFFREY SCHULKEN, et al., | Case No.: 09-CV-02708-LHK |
| Plaintiffs, | ORDER RE: TRANSCRIPTS |
| v. | |
| WASHINGTON MUTUAL BANK, HENDERSON, NV, et al., | |
| Defendants. | |

On January 28, 2012, Appellant Donald R. Earl ("Mr. Earl") filed a Notice of Appeal of four Orders of this Court, alleging inadequate representation by lead plaintiffs, a "disproportionate" settlement distribution, and an inadequate opt-out notice. ECF No. 238. [1]

In order to submit a complete supplemental excerpt of the record on appeal, Plaintiffs-Appellees Jeffrey and Jenifer Schulken ("Plaintiffs-Appellees") continue to seek copies of the following transcripts: (1) October 13, 2011 Transcript of Hearing on Revised Motion to Certify Class; (2) July 19, 2012 Transcript of Hearing on Motion for Preliminary Approval of Class Action

---

[1] Mr. Earl appeals the Courts' Orders: (1) granting in part and denying in part class certification, ECF No. 184; (2) granting preliminary approval of the settlement, ECF No. 210; (3) granting final approval of the settlement over Mr. Earl's objections, ECF No. 223, and (4) denying Mr. Earl's post-judgment Motion to Vacate, ECF No. 238. For further summary of the background of this litigation, see Order Re: Miscellaneous Motions Related to Appeal, ECF No. 259 at 2-3.

1
Case No.: 09-CV-02708-LHK
ORDER RE: TRANSCRIPTS

Settlement Agreement; and (3) November 8, 2012 Transcript of Hearing on Motion for Final Approval of Class Action Settlement. *See* ECF No. 241 at 6-7, ECF No. 262 at 5-6.

On April 2, 2013, this Court ordered Mr. Earl to arrange payment for the requested transcripts, or to certify an explanation of his refusal to do so within 5 days of this Order, pursuant to Circuit Rule 10-3.1(f). ECF No. 59. On April 10, 2013, Mr. Earl filed a document captioned "Objector, Donald R. Earl's Circuit Rule 10-3.1(f) Certificate," ("Certification"), alleging that the requested transcripts are "unnecessary," for the appeal, and "do not aid review of the issues to be considered." ECF No. 261.[2] Mr. Earl further argues that the requested transcripts are overinclusive. *See id.* at 6.

On April 24, 2013, Plaintiffs-Appellees filed a Response and Cross-Motion to Compel Earl to Order and Pay for Transcripts, ("Response"), ECF No. 262. Plaintiffs-Appellees argue that Mr. Earl "does not (and cannot) explain how or why Plaintiffs' requested transcripts (of the hearings on Plaintiffs' motions for class certification and for preliminary and final approval of the settlement) are not necessary for the resolution of his appeal of each of the Court's Orders stemming *from those hearings*." Response at 1. Specifically, Plaintiffs-Appellees argue that each requested transcript is directly relevant to the issues raised in Mr. Earl's appeal, as enumerated below:

(1) Mr. Earl has appealed the class certification Order, claiming that the Court certified an overly broad class. *See* Response at 5; ECF No. 238-2, Mr. Earl's Statement of the Issues on Appeal ("Statement of the Issues"), at 1. Plaintiffs-Appellees argue that the transcript of the October 13, 2012 hearing will show that the Court fully considered the rights of class members, including class members such as Mr. Earl, before certifying the class. *See* Response at 5.

(2) Mr. Earl's appeal alleges that this Court approved a class action Settlement that violates the due process rights of the entire class and subclass. *See* Response at 6; Statement of the Issues at 2. Plaintiffs-Appellees argue that the transcript of the July 19, 2012 hearing on Plaintiffs-Appellees' motion for preliminary approval of the settlement will reflect that the Court "carefully considered the rights of the class and relief offered under the settlement, as well as the process through which the settlement was reached." *See* Response at 6.

---

[2] Neither party addresses the timeliness of this certification.

2

Case No.: 09-CV-02708-LHK
ORDER RE: TRANSCRIPTS

1    (3) Mr. Earl's appeal challenges the terms of the settlement as disproportionate. *See*
2    Response at 6; Statement of the Issues at 2. Plaintiffs-Appellees argue that the transcript of the
3    November 8, 2012 final fairness hearing will show that the Court fully considered Earl's objections
4    at the fairness hearing and found them to be meritless. *See* Response at 6.

5    Plaintiffs-Appellees further argue that the requested transcripts are not overinclusive,
6    because "Plaintiffs seek transcripts of hearings where the *only* topic of discussion was Plaintiffs'
7    motion and therefore the entire transcript may be relevant to the issues presented." Response at 7.

8    In light of Plaintiffs-Appellees arguments that the three requested transcripts are necessary
9    to the appeal and Mr. Earl's certification to the contrary, Circuit Rule 10-3.1(f) provides that the
10   Court shall determine which party shall pay for which portions of the transcript. The Rule
11   provides:

> If appellee notifies appellant that additional portions of the transcript are required pursuant to Circuit Rule 10-3.1(b), appellant shall make arrangements with the court reporter to pay for these additional portions unless appellant certifies that they are unnecessary to the appeal and explains why not. If such a certificate is filed in the district court, with copies to the court reporter and this Court, the district court shall determine which party shall pay for which portions of the transcript.

16   Neither party cites any precedent that would guide the Court in determining which party
17   shall pay for which portions of the transcript. Because the Court finds that the requested transcripts
18   are necessary to a complete record in reviewing the issues Mr. Earl has identified in his appeal, the
19   Court hereby orders that Mr. Earl shall immediately make arrangements to pay for the requested
20   transcripts.

21   The parties shall seek any necessary extensions from the Appellate Court as provided under
22   Circuit Rule 10-3.1 with respect to the Transcript Order deadline.

**IT IS SO ORDERED.**

Dated: May 14, 2013

_____
LUCY H. KOH
United States District Judge

3

Case No.: 09-CV-02708-LHK
ORDER RE: TRANSCRIPTS