Mark Eisen (SBN - 289009)
meisen@edelson.com
EDELSON PC
555 West Fifth Street, 31st Floor
Los Angeles, California 90013
Tel: 213.533.4100
Fax: 213.947.4251

Steven L. Woodrow*
swoodrow@edelson.com
Megan Lindsey*
mlindsey@edelson.com
EDELSON PC
999 West 18th Street, Suite 3000
Denver, Colorado 80202
Tel: 303.357.4878
Fax: 303.446.9111

* Admitted *Pro Hac Vice*

*Attorney for Plaintiffs-Appellees* JEFFREY AND JENIFER SCHULKEN

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| JEFFREY SCHULKEN AND JENIFER SCHULKEN, individually and on behalf of a class of similarly situated individuals,<br><br>                    Plaintiffs-Appellees,<br><br>v.<br><br>WASHINGTON MUTUAL BANK and JPMORGAN CHASE BANK, N.A.<br><br>                    Defendants. | Case No. 5:09-cv-2708-LHK<br><br>[Hon. Lucy H. Koh]<br><br>**PLAINTIFFS' MOTION FOR CONTEMPT AGAINST OBJECTOR DONALD R. EARL**<br><br>Date:   October 16, 2014<br>Time:   1:30 P.M.<br>Location:   Courtroom 8, 4th Floor |

1    **TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

2             **PLEASE TAKE NOTICE THAT** on Thursday, October 16, 2014 at 1:30 p.m., or as soon

3    as thereafter as this matter may be heard, Plaintiffs Jeffrey Schulken and Jenifer Schulken will

4    appear, through counsel, before the Honorable Lucy H. Koh, or any judge sitting in her stead, in

5    Courtroom 8 of the United States District Court for the Northern District of California, San Jose

6    Division, located at the United States Courthouse, 280 South 1st Street, San Jose, California

7    95113, and move this Court for an Order holding Objector Donald R. Earl in contempt for his

8    failure to post an appeal bond as ordered. This motion is based upon this Notice of Motion,

9    Plaintiffs' memorandum of points and authorities in support thereof, and the record in this case,

10   along with any oral argument that may be presented to the Court and any evidence submitted in

11   connection therewith.

12

13   Dated: June 27, 2014                        Respectfully Submitted,

14
                                                 JEFFREY SCHULKEN AND JENIFER
15                                               SCHULKEN, individually and on behalf of a
                                                 class of similarly situated individuals,
16
                                                 By: s/ Steven L. Woodrow
17                                                    One of Plaintiffs' Attorneys

18

19

20

21

22

23

24

25

26

27

28

**I.      INTRODUCTION**

Objector-Appellant Donald R. Earl has willfully failed to comply with an order of this Court. As such, Plaintiffs Jeffrey Schulken, Jenifer Schulken, and the Settlement Class (collectively, "Plaintiffs") respectfully move this Court for an order holding the Objector in contempt. Specifically, on April 2, 2013, this Court ordered Mr. Earl to post an appeal bond in accordance with Federal Rule of Civil Procedure 7 in the amount of $5,000. (Dkt. 259.) To date, Mr. Earl has not posted the appeal bond. Consequently, Plaintiffs respectfully request that this Court (1) find Mr. Earl in contempt, and (2) fine Mr. Earl until he complies with this Court's order.

**II.     BACKGROUND**

On November 13, 2013, this Court granted final approval to a class action settlement between Plaintiffs and Defendants Washington Mutual Bank and J.P. Morgan Chase Bank N.A., overruling the misplaced objections to the fairness of the Settlement made by its lone objector—Donald Earl. (Dkt. 223.) Mr. Earl filed a motion to vacate the order granting final approval to the class action settlement (Dkt. 225), and on January 1, 2013, this Court entered an order denying Mr. Earl's motion to vacate (Dkt. 237.) Dissatisfied, Mr. Earl filed a notice of appeal appealing four of this Court's orders to the Ninth Circuit: (1) the order granting in part and denying in part class certification (Dkt. 184), (2) the order granting preliminary approval to the Parties' class action settlement (Dkt. 210), (3) the order granting final approval to the settlement (Dkt. 223), and (4) the order denying Earl's motion to vacate the judgment (Dkt. 37).

Because Plaintiffs and the class have incurred taxable costs during the pendency of the appeal—including for such things as preparation and transmission of the record and the fee for filing the notice of appeal—this Court granted Plaintiffs' request for an appeal bond. (Dkt. 259.) Specifically, this Court entered an order on April 2, 2013 stating as follows: "**The Court hereby ORDERS Mr. Earl to post a bond pursuant to Rule 7 of $5,000.**" (Dkt. 259 at 10) (the "Appeal Bond Order") (emphasis added). To date, and in flagrant violation of this Court's Appeal Bond Order, Mr. Earl has refused to post any appeal bond.

### III.    ARGUMENT

This Court "has the inherent authority to enforce compliance with its orders through a civil contempt proceeding." *Armstrong v. Brown*, 939 F. Supp. 2d 1012, 1018 (N.D. Cal. 2013) (citing *Int'l Union, UMWA v. Bagwell,* 512 U.S. 821, 827 – 28 (1994)); *see also United States v. Powers*, 629 F.2d 619, 624 (9th Cir. 1980) ("The inherent power of the courts . . . to coerce compliance with orders is not disputed."). Objector Earl's failure to comply with the Appeal Bond Order is contempt, which this Court should not hesitate to use its inherent authority to remedy.[1]

### A.    Objector Earl's failure to comply with the Appeal Bond Order is contempt.

To prevail on this motion for civil contempt, Plaintiffs must show that Mr. Earl "violated the [Appeal Bond Order] beyond substantial compliance, and that the violation was not based on a good faith and reasonable interpretation of the [order]." *Wolfard Glassblowing Co. v. Vanbragt*, 118 F.3d 1320, 1322 (9th Cir. 1997). Here, Mr. Earl's violation of the Appeal Bond Order is indisputable. This Court ordered Mr. Earl to post an appeal bond in the amount of $5,000. (Dkt. 259 at 10.) More than a year has passed and Mr. Earl still has not posted bond in the amount of $5,000. Nor has Mr. Earl taken any action that could even arguably be considered substantial compliance with the Appeal Bond Order because there has been *no compliance whatsoever.*

Earl's failure to comply with the Appeal Bond Order cannot be based on a good faith and reasonable interpretation of the order. The Appeal Bond Order is simple and straightforward, and there is no reasonable interpretation of the order with which Mr. Earl's failure to post an appeal bond is consistent. Mr. Earl previously claimed that he was not in violation of the Appeal Bond Order—despite his failure at that time to post bond more than three months after the Appeal Bond Order—because the order does not establish a deadline by which Mr. Earl must post his appeal bond. (Appeal Dkt. 19 at 15.) However, the law is clear: "Absent a stay, 'all orders and judgments of courts must be complied with promptly.'" *Donovan v. Mazzola*, 716 F.2d 1226, 1240 (9th Cir. 1983) (quoting *Maness v. Meyers*, 419 U.S. 449, 458 (1975)). Even if a party moves to stay an

---

[1]        Plaintiffs' motion invokes only this Court's *civil* contempt power. *See, generally, Int'l Union, UMWA v. Bagwell,* 512 U.S. 821, 826 – 30 (1994) (distinguishing civil and criminal contempt).

1   order, such as the Appeal Bond Order here, it must be complied with until stayed or reversed. *See*

2   *United States v. UMWA*, 330 U.S. 258, 293 (1947) ("[W]e find impressive authority for the

3   proposition that an order issued by a court with jurisdiction over the subject matter and person

4   must be obeyed by the parties until it is reversed by orderly and proper proceedings."); *Maness*,

5   419 U.S. at 458 ("If a person to whom a court directs an order believes that order is incorrect the

6   remedy is to appeal, but, absent a stay, he must comply promptly with the order pending appeal.").

7   Mr. Earl may not simply ignore this Court's order because he thinks the Court is wrong.[2]

8        Because Earl has failed to comply with this Court's clear order requiring him to post an

9   appeal bond, this Court should find Mr. Earl in contempt. *See, e.g., In re Magsafe Apple Power*

10  *Adapter Litig.*, No. C 09-01911 JW, 2012 WL 3686783, *1 – 2 (N.D. Cal. Aug. 22, 2012) (rev'd

11  in part on other grounds) (holding objector to class action settlement in contempt for failing to

12  comply with order requiring him either to post a $15,000 bond or dismiss his appeal); *Embry v.*

13  *ACER Am. Corp.*, No. C 09-01808 JW, 2012 WL 3777163, *2 (N.D. Cal. Aug. 29, 2012) (holding

14  objector to class action settlement in contempt for failing to comply with order requiring him

15  either to post a $70,000 bond or dismiss his appeal); *Donovan*, 716 F.3d at 1239 – 40 (finding

16  district court did not abuse its discretion in holding in contempt appellants who failed to comply

17  with district court's order requiring payment of bond).

18      **B.      Mr. Earl should be fined until he complies with the Appeal Bond Order.**

19       To remedy Mr. Earl's contempt, this Court should fine Mr. Earl on a daily basis until he

20  complies with the Appeal Bond Order. The purpose of civil contempt proceedings is to coerce

21  compliance with a court order. *Ahearn ex rel. NLRB v. Int'l Longshore & Warehouse Union,*

22  *Locals 21 & 4*, 721 F.3d 1122, 1128 (9th Cir. 2013). Two common methods of coercing

23  compliance are daily fines and confinement until the contemnor complies with the order. *See Int'l*

24  *Union, UMWA v. Bagwell*, 512 U.S. 821, 828 (1994) ("The paradigmatic coercive, civil contempt

25

26  [2]      Mr. Earl's claim that the Court left it to his discretion as to **when** to comply with the
    Appeal Bond Order is nonsensical and belied by the "urgent" motion that Mr. Earl filed shortly

27  after the Appeal Bond Order issued, asking the Ninth Circuit to stay the Appeal Bond Order. (*See*
    Appeal Dkt. 8.) Absent his actual belief that prompt compliance with the Appeal Bond Order was

28  indeed necessary, there would have been no reason for Mr. Earl to file an "urgent" motion to stay.
    Notably, the Ninth Circuit denied Mr. Earl's supposedly "urgent" Motion to Stay.

1  sanction . . . involves confining a contemnor indefinitely until he complies with an affirmative

2  command . . . ."); *id.* at 829 ("A close analogy to coercive imprisonment is a per diem fine

3  imposed for each day a contemnor fails to comply with an affirmative court order.").

4         Here, the purpose of the Appeal Bond Order was to protect Plaintiffs from nonpayment of

5  costs to which they would be entitled if Mr. Earl's appeals were unsuccessful—which this Court

6  found was likely. (Dkt. 259 at 8.) The Ninth Circuit recently held that monetary sanctions were

7  appropriate in response to nearly identical contempt, and this Court should follow the Ninth

8  Circuit's direction. *See In re Magsafe Apple Power Adapter Litig.*, No. 12-15757, 2014 WL

9  1624493, at *1 (9th Cir. Apr. 24, 2014) (finding that although the district court lacked authority to

10  remove the basis for appellant's appeal as a sanction for his failure to post the bond, the district

11  court could "exercise its discretion to impose any appropriate sanction for violations of its [appeal

12  bond order]"). Mr. Earl should not be permitted to flout the Appeal Bond Order and should

13  therefore be required to pay a daily fine until he complies with the Appeal Bond Order by posting

14  the bond.

15         Alternatively, this Court should consider holding Mr. Earl in custody until he complies

16  with the Appeal Bond Order. While Plaintiffs believe the most effective way to remedy Mr. Earl's

17  contempt would simply be to impose fines, this Court, if it so desires, could instead hold Mr. Earl

18  in custody until he complies with the Appeal Bond Order.[3]

19  **IV.    CONCLUSION**

20         For the reasons discussed above, Plaintiffs respectfully request that this Court (1) find Mr.

21  Earl in contempt; (2) fine Mr. Earl or hold him in custody until he comply with this Court's order;

22  and (3) award such other and further relief as the Court deems equitable and just.

23

24

25

26  _____

27  [3]      While some courts have gone so far as to imprison parties in order to coerce compliance
   with their orders, *see, e.g.*, *SEC v. Yun*, 208 F. Supp. 2d 1279, 1288 (S.D. Fla.) (ordering
28  imprisonment until contemnor complied with court order to post supersedeas bond), Plaintiffs do
   not request such relief at this time.

Dated: June 27, 2014

Respectfully Submitted,

JEFFREY SCHULKEN AND JENIFER SCHULKEN, individually and on behalf of a class of similarly situated individuals,

By: s/ Steven L. Woodrow
     One of Plaintiffs' Attorneys

Mark Eisen (SBN - 289009)
meisen@edelson.com
EDELSON PC
555 West Fifth Street, 31st Floor
Los Angeles, California 90013
Tel: 213.533.4100
Fax: 213.947.4251

Steven L. Woodrow*
swoodrow@edelson.com
Megan Lindsey*
mlindsey@edelson.com
EDELSON PC
999 West 18th Street, Suite 3000
Denver, Colorado 80202
Tel: 303.357.4878
Fax: 303.446.9111

* Admitted *Pro Hac Vice*

*Attorney for Plaintiffs-Appellees* JEFFREY AND JENIFER SCHULKEN

1

<u>**CERTIFICATE OF SERVICE**</u>

2

    I hereby certify that on June 27, 2014, I caused Plaintiffs' Motion for Contempt Against

3

Objector Donald R. Earl to be electronically filed with the Clerk of the court using the CM/ECF

4

system, which will send notification of filing to counsel of record for each party. I further certify

5

that on June 27, 2014, I caused the aforementioned document to be sent to the following person

6

via electronic mail and U.S. mail at the address indicated below:

7

8

Donald R. Earl
3090 Discovery Rd.
Port Townsend, WA 98368
don-earl@waypoint.com

9

10

11

Dated: June 27, 2014                By: <u>s/ Steven L. Woodrow</u>
                          Steven L. Woodrow

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28