UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JEFFREY SCHULKEN AND JENIFER SCHULKEN, individually and on behalf of a class of similarly situated individuals,<br><br>Plaintiffs-Appellees,<br><br>v.<br><br>WASHINGTON MUITUAL BANK and JP MORGAN CHASE BANK, N.A,<br><br>Defendants. | Case No.: 09-CV-02708-LHK<br><br>ORDER CONTINUING HEARING |

Before the Court is Plaintiffs-Appellees Jeffrey Schulken and Jenifer Schulken's ("Plaintiffs-Appellees") Motion for Contempt Against Objector Donald R. Earl ("Mr. Earl"). For the reasons stated below, the Court hereby CONTINUES the hearing on this motion, currently set for October 16, 2014, to October 30, 2014, at 1:30 p.m.

**I.   BACKGROUND**

This dispute stems from a class action Plaintiffs-Appellees filed on June 18, 2009, alleging that Defendants Washington Mutual Bank and JPMorgan Chase Bank, N.A. had violated state and federal laws relating to home equity lines of credit following the collapse of the housing market in late 2008. ECF No. 1. On April 27, 2012, the parties reached an agreement and moved for preliminary approval of class action settlement, which the Court granted on July 25, 2012. ECF

1

Case No.: 09-CV-02708-LHK
ORDER CONTINUING HEARING

1  No. 203; ECF No. 210. On October 15, 2012, Mr. Earl filed an objection to the settlement. ECF
2  No. 213. The Court held a final approval of class action settlement hearing on November 8, 2012,
3  which Mr. Earl did not attend. On November 13, 2013, the Court overruled Mr. Earl's objections,
4  granted final approval of the settlement, and extended the settlement opt-out deadline to permit Mr.
5  Earl to exclude himself from the class and bring his individual claims separately, ECF No. 223.
6  Instead of opting out, Mr. Earl filed a motion to vacate the judgment pursuant to Rule 60(b), ECF
7  No. 225, which the Court denied on January 1, 2013, ECF No. 237. On January 28, 2012, Mr. Earl
8  appealed the following orders of this Court: (1) order granting in part and denying in part class
9  certification, ECF No. 184; (2) order granting preliminary approval of the settlement, ECF No.
10  210; (3) order granting final approval of the settlement over Mr. Earl's objections, ECF No. 223;
11  and (4) order denying Mr. Earl's post-judgment Motion to Vacate, ECF No. 237. In his appeal, Mr.
12  Earl alleged inadequate representation by lead plaintiffs, a "disproportionate" settlement
13  distribution, and an inadequate opt-out notice. ECF No. 238.

On April 2, 2013, this Court issued an order regarding several motions related to Mr. Earl's appeal brought by both Mr. Earl and Plaintiffs-Appellees. ECF No. 259. Among the motions was Plaintiffs-Appellees' motion that Mr. Earl post an appeal bond pursuant to Federal Rule of Appellate Procedure 7 to secure payment of Plaintiffs-Appellees' costs on appeal ("Bond Motion"). *See* ECF No. 240. The Court found that posting a bond would not be an undue burden to Mr. Earl, that Plaintiffs-Appellees reasonably anticipated difficulty in collecting costs related to the appeal, and that it was likely Mr. Earl would not prevail on appeal. ECF No. 259, at 6-8. The Court therefore granted the Bond Motion, and ordered Mr. Earl to post a $5,000 bond. *Id*. at 9-10.

On June 27, 2014, Plaintiffs-Appellees filed the instant motion, arguing that the Court should find Mr. Earl in contempt for disobeying this Court's April 2, 2013 order by not posting an appeal bond. ECF No. 272. Mr. Earl filed his opposition on July 14, 2014, ECF No. 274, and Plaintiffs-Appellees filed their reply on July 16, 2014, ECF No. 273. On September 26, 2014, this Court issued an order instructing Mr. Earl to post the appeal bond within seven days.[1] ECF No.

---

[1] The Court did not serve Mr. Earl with this order by mail. *See* ECF No. 278.

2

Case No.: 09-CV-02708-LHK
ORDER CONTINUING HEARING

275. On October 6, 2014, this Court issued a second order instructing Mr. Earl to post the appeal bond within seven days. ECF No. 278; *see also* ECF No. 278-1 (clerk's proof of service by mail).

On October 15, 2014, this Court received a $5,000 personal check from Mr. Earl. Mr. Earl mailed the check by certified mail on October 10, 2014.

## II.     LEGAL STANDARD

It is a "basic proposition that all orders and judgments of courts must be complied with promptly." *Maness v. Meyers*, 419 U.S. 449, 458-59 (1975). A party fails to act as ordered by the court "when he fails to take 'all the reasonable steps within [his] power to insure compliance with the [court's] order [].'"*In re Crystal Palace Gambling Hall, Inc.*, 817 F.2d 1361, 1365 (9th Cir. 1987) (quoting *Sekaquaptewa v. MacDonald*, 544 F.2d 396, 406 (9th Cir. 1976)). If a party "disobeys a specific and definite court order, he may properly be adjudged in contempt." *In re Crystal Palace*, 817 F.2d at 1365; *see also United States v. Powers*, 629 F.2d 619, 624 (9th Cir. 1980) ("The inherent power of the courts to punish contempt of their authority and to coerce compliance with orders is not disputed."). Failure to obey a court order to post an appellate bond is justifiable grounds for civil contempt, as well as the imposition of "any appropriate sanction." *In re Magsafe Apple Power Adapter Litig.*, 571 F. App'x 560, 563 (9th Cir. 2014).

However, a district court has wide latitude in determining whether a party in defiance of its order should be judged in contempt. *Gifford v. Heckler*, 741 F.2d 263, 266 (9th Cir. 1984). Moreover, Mr. Earl, who is representing himself pro se, is entitled to greater leniency than a party represented by an attorney. *See Draper v. Coombs*, 792 F.2d 915, 924 (9th Cir. 1986) (pro se plaintiff entitled to leniency when judging compliance with technical rules).

## III.    DISCUSSION

Mr. Earl mailed his personal check in the amount of $5,000 to the Court by certified mail on October 10, 2014, which was within the seven-day deadline set by this Court's October 6, 2014 order. *See* ECF No. 278. To verify that the bond has in fact been posted, the Court hereby CONTINUES the hearing on Plaintiffs-Appellees motion to October 30, 2014, at 1:30 p.m.

1    **IT IS SO ORDERED.**

2    Dated: October 15, 2014

_____
LUCY H. KOH
United States District Judge

4

Case No.: 09-CV-02708-LHK
ORDER CONTINUING HEARING